## 56150. WRIGHT v. THE STATE.

McMurray, Judge.

On January 21, 1978, Mrs. Doris Marshall returned home about 8:45 p.m. As she started into the driveway she noticed that some unauthorized person was present in her living room. Mrs. Marshall went to her neighbor's, and the police were summoned. Mrs. Marshall was able to determine that the individual was a male, but did not get a view of him sufficient for identification.

Police found a window screen detached from the house and lying on the ground. On the screen was an identification bracelet with the name Vanchester. A block away the automobile belonging to the defendant, Vanchester Wright, was found parked at the curb with the engine warm. Defendant's fingerprints were not found at the Marshall home or on the identification bracelet bearing the name Vanchester. Defendant's automobile was impounded by the police, and when he went to the police station to claim his car he was arrested and later indicted for the offense of burglary.

At the trial the defendant testified that at approximately 8 p.m. he had left home to go to his brother's house; that on the way to his brother's house he began having difficulty with his car; that the car finally "cut off." Defendant testified that he knew from past experience that once the car "cut off" under similar circumstances he would either have to "jump it off" or let it cool before it would start. Therefore, he left the car and went to the Elks, then to the Red Fox and thereafter left the Red Fox about 11:30 p.m. to return for his automobile only to find that it was gone. *Held:*

In order to warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. See Code § 38-109; *Graham v. State,* 183 Ga. 881, 885 (189 SE 910). "In making a determination of whether any other reasonable hypothesis exists, the defendant's explanation must be taken into consideration insofar as it is consistent with the circumstantial evidence properly admitted. *Redwine v. State,* 207 Ga. 318, 324 (61 SE2d

481.)" *Elam v. State,* 125 Ga. App. 427, 430 (187 SE2d 920). The only evidence connecting defendant with the crime is the identification bracelet carrying his given name which has not in any way been associated with the defendant who denies ownership of that bracelet and the circumstances of defendant's car being discovered nearby. The defendant's explanation of why his car was located nearby is consistent with the facts which the state contends indicate guilt. The verdict of guilty cannot be supported by evidence of defendant's mere presence near the scene of the crime. *Rutland v. State,* 129 Ga. App. 313 (199 SE2d 595). Although circumstances create suspicion of defendant's guilt of the offense charged, the circumstantial evidence presented by the state fails to preclude every other reasonable hypothesis including the explanation put forth by defendant in his testimony. See *Vaughn v. State,* 136 Ga. App. 54 (220 SE2d 66), and *Redwine v. State,* 207 Ga. 318, 324, supra.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED JULY 10, 1978 — DECIDED
SEPTEMBER 6, 1978.

*Hayes & Hammack, Arnold Hammack,* for appellant.

*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney,* for appellee.