## 60099. PARKER v. THE STATE.
## 60100. RITTER v. THE STATE.

SHULMAN, Judge.

Defendants were found guilty of the offense of violating the Georgia Controlled Substances Act (Code Ann. Ch. 79A-8, Ga. L. 1974, p. 221 et seq.). We affirm the conviction of defendant Parker and reverse the conviction of defendant Ritter.

1. In his sole enumeration of error defendant Parker submits that the state's failure to rebut his affirmative defense of entrapment mandated the grant of his motion for a directed verdict of acquittal.

In support of his claim of entrapment, defendant Parker presented testimony that James Furse, the undercover GBI agent responsible for defendant's arrest, along with Furse's informant, James Zeigler, visited defendant's apartment on at least nine separate occasions and each time attempted unsuccessfully to procure marijuana from the defendant; that Zeigler, unaccompanied by Furse, went to defendant's apartment on several other occasions to obtain marijuana from Furse (whom he claimed was desperate for marijuana); that defendant on each occasion denied having any marijuana; and that when defendant was approached by an unidentified man offering to sell him a bag of marijuana, defendant purchased the bag (which he subsequently sold to Furse) solely for the purpose of helping Furse.

Although the evidence may indeed have raised the issue of entrapment (which law was charged to the jury pursuant to defendant's request), we cannot agree that defendant was, as a matter of law, entrapped to commit the offense charged, since under an analogous factual situation in *Brooks v. State,* 125 Ga. App. 867 (2) (189 SE2d 448), this court found otherwise. In view of the binding precedent of *Brooks,* we refuse to disturb the judgment of the trial court entered in accordance with the jury verdict of guilty.

2. In a companion case, co-defendant Ritter contends that the evidence was insufficient to warrant his conviction as a party to the

offense of selling marijuana. We agree.

It was the state's contention that on the numerous occasions Furse and Zeigler visited the apartment shared by co-defendants Parker and Ritter, Ritter informed Furse and Zeigler that he was presently out of marijuana but that he would be willing to sell them a quantity of marijuana as soon as it became available. It was Furse's testimony that conversations concerning the sale of marijuana were directed to Ritter (although Parker was present at two or three of the conversations, Furse testified that Parker never offered to sell Furse or Zeigler any marijuana other than on the occasion in question). Although this evidence may indicate defendant Ritter's pre-disposition to violate the Georgia Controlled Substances Act, it does not go to his complicity in the actual sale of marijuana involved in the instant case.

On the day the sale of the marijuana in question took place, Furse and Zeigler went to Parker and Ritter's apartment. Ritter was on the phone the entire time Furse and Zeigler were present. Furse testified that defendant Parker volunteered to sell Furse a bag of pot from "his [Parker's] stock" and that while Ritter was still on the phone Parker stated to Ritter that he was going to get Furse the marijuana. Furse testified that Ritter responded: "Fine, you can go ahead and sell him that bag."

Even assuming that defendant Ritter's statement to "go ahead and sell him that bag" was not, as Ritter testified, in reference to the sale of a golf bag (by the party to whom he was speaking on the telephone), but that it was in response to defendant Parker's statement that he was going to sell Furse the marijuana; nevertheless, the statement does not, more likely than not, connote Ritter's complicity or participation (non-action) in the sale of marijuana from Parker's "stock." It is just as likely that such statement was merely defendant Ritter's recognition or acknowledgment of what had been said to him by defendant Parker. See, e.g., *Wright v. State,* 147 Ga. App. 111 (248 SE2d 183), for a discussion of circumstantial evidence.

Moreover, even if defendant Ritter's statement is construed as constituting his approval of defendant Parker's illegal act, such approval (not amounting to "encouragement" (see, e.g., *Dixon v. State,* 243 Ga. 46 (1) (252 SE2d 431)), standing alone, does not render Ritter a party to the offense charged. See Code Ann. § 26-801.

Nor does the fact that Ritter lived with defendant Parker support a guilty verdict, since mere presence in and of itself will not justify a conviction. *Smith v. State,* 142 Ga. App. 810 (3) (237 SE2d 216); *Huncke v. State,* 137 Ga. App. 299 (2) (233 SE2d 492).

In view of the fact that the circumstantial evidence of Ritter's guilt fails to preclude every other reasonable hypothesis, including

the explanation put forth by defendant in his testimony, and despite the fact that circumstances create suspicion of defendant Ritter's guilt (see *Brooks,* supra), the verdict and judgment against defendant Ritter must be reversed for the foregoing reasons.

*Judgment affirmed in Case No. 60099. Judgment reversed in Case No. 60100. Quillian, P. J., and Carley, J., concur.*

ARGUED JUNE 17, 1980 — DECIDED SEPTEMBER 8, 1980.

*Roy Benton Allen, Jr.,* for appellants.
*Thomas H. Pittman, District Attorney,* for appellee.