## 40674. CRAWFORD v. THE STATE.

CLARKE, Justice.

Appellant was convicted of the murder of Joann Farrow and sentenced to life in prison. Appellant and the victim had a relationship which resulted in the birth of a child in 1977. On January 30, 1983, appellant tried unsuccessfully to see the child and the victim. Obtaining the victim's phone number, he called and persuaded her to go out with him. During their meeting they began to argue about their past relationship. Appellant became angry and, picking up a strip of wood, beat the victim with it. In the course of this beating he struck her on the head at least once. Appellant and the victim got back into the car. Several hours later appellant took the victim to the hospital emergency room. An emergency room nurse testified that she was dead on arrival.

Medical testimony at trial was that the victim died of a hemorrhage under the skull bone and outside the lining of the brain. There was testimony that the hemorrhage was caused by a blow to the head. Appellant freely admitted beating the victim but contended that he did not intend to harm her.

1. In his first enumeration of error, appellant contends that the trial court erred in failing to give a charge as to intervening cause. Appellant asserts that testimony at trial that the victim was taking anticoagulants indicated that the blow to the head was not the cause of death but that the presence of anticoagulants in her system provided an intervening cause. We have held that "Where one commits a felony upon another, such felony is to be accounted as the efficient, proximate cause of the death whenever it shall be made to appear either that the felony directly and materially contributed to the happening of a subsequent accruing immediate cause of the death, or that the injury materially accelerated the death, although proximately occasioned by a pre-existing cause." *Durden v. State,* 250 Ga. 325, 329 (297 SE2d 237) (1982). See also, *James v. State,* 250 Ga. 655 (300 SE2d 492) (1983); *Wilson v. State,* 190 Ga. 824 (10 SE2d 861) (1940). This enumeration of error is without merit.

2. In his second enumeration of error appellant contends that the court erred in failing to explain to the jury the relationship between simple battery and involuntary manslaughter. The court charged the jury on both simple battery and involuntary manslaughter. There was no request to charge as to the relationship between simple battery and involuntary manslaughter. There was no error in the court's failure to explain to the jury any connection between simple battery and misdemeanor manslaughter in the absence of a written request. OCGA § 5-5-24(b) (Code Ann. § 70-207).

Further, the relationship was sufficiently clear from the charge as given.

3. Appellant contends that the court erred in overemphasizing the components of its charge that dealt with aggravated assault, felony murder and malice murder in relationship to the charge of involuntary manslaughter and that the court's charge on felony murder was confusing. Since the charge taken as a whole was sufficiently clear and proper, these contentions are without merit.

4. Appellant insists that the verdict was contrary to law, contrary to the evidence, and against the weight of the evidence. We find that the evidence was sufficient to meet the standard set forth in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 24, 1984 —
REHEARING DENIED MAY 16, 1984.

*Dozier & Edwards, Lonzy F. Edwards,* for appellant.
*James L. Wiggins, District Attorney, Michael T. Solis, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn,* for appellee.