67902. NORRIS v. THE STATE.

McMURRAY, Chief Judge.

Defendant, Deborah J. Norris, and her husband, Willard C. Nor-

ris, Jr., were indicted for violating the Georgia Controlled Substances Act in two counts. In Count 1, defendant and her husband were charged with manufacturing marijuana. In Count 2, they were charged with possession with intent to distribute more than one ounce of marijuana. Defendant's husband "flew the coop"; and at the time of trial he was still a fugitive.

Following a trial by jury, defendant was acquitted of the manufacturing charge; but she was convicted of the charge of felony possession. Defendant contends on appeal that the trial court erred by denying her motion for a directed verdict of acquittal.

The evidence disclosed that the home and premises of defendant and her husband were searched at 11:00 o'clock a.m. pursuant to a valid search warrant. At that time, the defendant was the only adult person in the house. A small "roach" (unsmoked portion of a marijuana cigarette) was found in plain view on a tray in the living room; loose marijuana was found in a bowl in the living room; and seven bags of marijuana were found in an old refrigerator in a junk pile about 30 paces behind the house. The path between the house and the refrigerator was well worn. The path did not deviate one way or another; it went directly from the house to the refrigerator.

Defendant lived on the premises where the marijuana was found for approximately one year. During that time, she walked in her backyard on at least one occasion. No one, other than defendant, her husband, and her small child lived on the premises; and there were no close neighbors on either side of the house or behind the house.

Defendant knew of the marijuana in the house. (In fact, when one of the arresting officers commented about the "roach," defendant replied, "Oh, I started to throw that away this morning.") But defendant denied knowledge of the marijuana found in the old refrigerator. The marijuana found in the house totalled less than one ounce; the amount of marijuana found in the refrigerator exceeded one ounce.

Defendant contends that the trial court erred by denying her motion for a directed verdict of acquittal because the evidence of possession of the marijuana found in the refrigerator, being circumstantial only, did not exclude every reasonable hypothesis except that of her guilt. *Held*:

Although mere presence at the scene of a crime, in and of itself, will not justify a conviction, *Parker v. State*, 155 Ga. App. 617, 618 (2) (271 SE2d 871), there was additional evidence to warrant the submission of this case to the jury. *Jarrard v. State*, 163 Ga. App. 99, 100 (1) (292 SE2d 488); *Johnson v. State*, 159 Ga. App. 819, 821 (2) (285 SE2d 252). See also *Hill v. State*, 164 Ga. App. 564 (298 SE2d 286). There was direct evidence linking the defendant to the marijuana in the house. There was circumstantial evidence linking the defendant to the marijuana in the old refrigerator: The defendant lived in the

house for one year; the refrigerator was only 30 steps from the house; the path between the house and the refrigerator was well worn; and the path led directly from the house to the refrigerator.

" 'The totality of the evidence was sufficient to connect the defendant to the possession of the drugs . . . even though the evidence would have authorized a finding that others had equal access to the drugs.' [Cits.]" *Pamplin v. State*, 164 Ga. App. 610, 611 (298 SE2d 622). Thus, the jury was warranted in concluding that defendant "possessed the contraband drugs knowingly, exclusively or at least jointly." *Jarrard v. State*, 163 Ga. App. 99, 100 (1), supra. See also *Johnson v. State*, 159 Ga. App. 819, 821 (2), supra.

In reviewing the overruling of a motion for a directed verdict of acquittal, the proper standard to be utilized is the test established in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436). After reviewing the evidence, we find that a rational trier of fact could reasonably have found the essential elements of the crime of possession of more than one ounce of marijuana. Jackson v. Virginia, 443 U. S. 307, supra; *Crawford v. State*, 252 Ga. 552, 553 (4) (314 SE2d 880). See *Abram v. State*, 170 Ga. App. 15, 16 (315 SE2d 26).

*Judgment affirmed. Deen, P. J., Quillian, P. J., Banke, P. J., Birdsong, Carley, Pope, and Benham, JJ., concur. Deen, P. J., also concurs specially. Sognier, J., dissents.*

DECIDED JULY 16, 1984.

*Stanaland A. Seery*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney*, for appellee.

DEEN, Presiding Judge, concurring specially.

While concurring fully with the majority opinion, an observation should be noted. The majority opinion cites *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984), which uses the rational trier of fact standard where directed verdicts of acquittal are considered. Our State Supreme Court also provides an alternative statutory standard or any evidence standard in recent cases such as *Taylor v. State*, 252 Ga. 125 (312 SE2d 311) (1984), which would also be correct if used.

SOGNIER, Judge, dissenting.

I respectfully dissent. There was no direct evidence that appellant possessed or had knowledge of the marijuana found in an abandoned refrigerator in a wooded area beyond appellant's backyard. The only evidence relating to that marijuana was circumstantial, based

primarily on the fact that appellant resided in the house with her husband. To warrant a conviction on circumstantial evidence, the proved facts shall not only be consisted with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused. OCGA § 24-4-6; *Wright v. State*, 147 Ga. App. 111 (248 SE2d 183) (1978).

Contrary to the circumstantial evidence, the following evidence in this case indicated that appellant's husband, Buzzy, possessed the marijuana: (1) The search warrant was issued on information from an informant that he had observed a quantity of marijuana *in the possession of Buzzy Norris*. (2) One of the officers who executed the search warrant testified he was going to the residence to look for *Buzzy's* dope. (3) On arrival at appellant's home, a police officer asked appellant: "Are you going to show us where *Buzzy's dope* is at or are you going to make us find it?" (Emphasis supplied.) (4) In sentencing appellant the trial judge stated, in reference to the marijuana: "I don't think it was yours. I think it was his." In my opinion, such evidence indicates clearly that all parties concerned in this case believed appellant's husband, not appellant, was in possession of the marijuana. Thus, the sole basis for appellant's conviction was the fact that she resided in the same house, and therefore, was equally guilty with her husband.

In *Parker v. State*, 155 Ga. App. 617 (271 SE2d 871) (1980), Ritter, a co-defendant, lived with Parker, was present, and verbally assented to a sale of marijuana by Parker to an undercover agent. In reversing Ritter's conviction for sale of the marijuana we held that Ritter's approval of Parker's illegal act, standing alone, did not make Ritter a party to the act; neither would the fact that Ritter lived with Parker support a guilty verdict, since mere presence in and of itself will not justify a conviction. Id. at 618.

Since appellant denied knowledge of the marijuana found in the refrigerator, while acknowledging she was aware (but disapproved) of her husband's minute amount of marijuana in the house, her conviction can only rest on the fact that she resided in the house. While this might create suspicion of appellant's guilt, her mere presence as a resident, in and of itself, does not justify a conviction, *Parker*, supra, and in my opinion, does not exclude every reasonable hypothesis save that of appellant's guilt.

Accordingly, I would reverse.