## 68304. JENKINS v. THE STATE.
(324 SE2d 491)

McMurray, Chief Judge.

Defendant was convicted of theft by shoplifting and appeals following the denial of her motion for new trial. *Held*:

1. Defendant contends that the trial court erred in denying her motion for a directed verdict of acquittal. We disagree.

The evidence adduced at trial reflects that on the evening of February 12, 1983, defendant and one Ms. Wallace entered a Family Dollar Store located at 211 South Slappey in Albany, Georgia. While defendant and Ms. Wallace were inside the store shopping, a store employee, who had been instructed to watch the two, observed (from an office elevated about three or four feet above the rest of the store) as follows: Defendant came down a certain aisle "carrying a pair of blue pants and a pair of maroon shorts." She went "to the back wall where the chemicals are located" and then behind a stack of oil (from this position, the defendant's head is all that the employee could see since the stack of oil was approximately four feet high and four to five feet wide). The defendant took two items (two canned items) off the back wall and then she reemerged from behind the stack of oil with these two canned items but without either the blue pants or maroon shorts being visible any longer.

As defendant proceeded toward the checkout counter to pay for her items, Ms. Wallace went to the "back wall" where defendant had just been and picked up a box of D-Con. Ms. Wallace subsequently put the D-Con in her left pocket and walked through the checkout line without stopping until she reached the exit door. There, she stopped, leaned against the door, looked around and then exited the store. In the meantime, "Ms. Jenkins paid for the two items [although defendant claims she paid for three] she got off the back wall [Note: The allegedly two or three items that Ms. Jenkins paid for did not include either the blue pants or maroon shorts] and then she went out."

While the defendant was still in the store, the Family Dollar employee who made the above observations, telephoned the police. However, by the time the employee had gotten off the phone with the police, defendant had already left the store, gotten into her automobile and was backing out. Before the defendant drove away, the store employee obtained both a description of the automobile and the license tag number. This he furnished to the police when they arrived on the scene. He also assisted one of the police in a search of the store for the items that were allegedly stolen; however, the pants and shorts were apparently not found in the course of this search.

Subsequently, a police officer proceeded to defendant's house where, with the permission of defendant's husband, he searched the

automobile driven by the defendant. Inside the automobile, he found a pair of pants and a pair of shorts which were later identified as the same pants and shorts which defendant had been seen with in the Family Dollar Store on the day in question. The officer testified he could see these articles of clothing on the back seat when he looked into the automobile.

After reviewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could reasonably have found the essential elements of the offense of theft by shoplifting beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436); *Crawford v. State*, 252 Ga. 552, 553 (4) (314 SE2d 880). This enumeration is therefore without merit.

2. Defendant next contends that the trial court erred in allowing her character to be placed in evidence. The basis for this is the testimony by a state witness (store employee) that she had been told by another to watch out for these two ladies. Whereupon, the prosecutor advised her that it was sufficient to say that they were being watched on the evening in question and not to go into what she believed. Again, another store employee testified that she had been told to watch out for these two ladies, at which time defense counsel objected that such testimony placed the defendants' character in evidence and moved for a mistrial which was denied. The trial court held that her testimony (as to the previous question as to why she was watching the two persons) was to explain her conduct in being very watchful (apparently for shoplifting). We do not consider this testimony in any wise to have presented the defendant's character in issue, but even conceding arguendo that it may have in some manner, testimony that is otherwise admissible does not become inadmissible simply because it incidentally puts the defendant's character in issue. See *Moss v. State*, 144 Ga. App. 226 (1) (240 SE2d 773). This testimony was relevant and material to show the conduct of the witnesses in watching the defendant and calling the police. See OCGA §§ 24-3-1, 24-3-2.

3. Continuing with this argument, the defendant refers to the closing argument by the prosecution with reference to the suspicion of the store employees, and argues that the State cannot put the character or conduct of the defendant before them by injecting prejudicial and irrelevant matter during the trial of the case. This argument by the prosecution, however, amounts to a reasonable inference which may be drawn from the evidence even if such be in some way illogical, yet same is neither cause for mistrial nor rebuke of counsel. See *Wallace v. State*, 146 Ga. App. 21, 22 (245 SE2d 357); *Jackson v. State*, 219 Ga. 819, 821 (4) (136 SE2d 375).

4. Defendant next contends that the trial court erred in charging the jury that the defendant could be found guilty of crimes for which

he was not charged. The court charged the substance of OCGA § 16-2-20 that a person is concerned in the commission of a crime "if he directly commits the crime or intentionally aids or abets in the commission of the crime." The basis of the argument is that neither the defendant nor the (companion, accomplice) co-defendant were charged as parties to the crime, the accusation reflecting that each was charged as having directly committed a specific act. Defendant contends the charge is erroneous which could only be corrected by the trial court expressly withdrawing it and instructing the jury to disregard it, citing *Burnett v. State*, 152 Ga. App. 738 (264 SE2d 33). *Burnett v. State*, supra, is inapposite and not controlling. We find no merit in this complaint inasmuch as the evidence was sufficient to show the two acted in concert, each having removed an item or items from the shelf of the store. Under OCGA § 16-2-21 the court did not err in charging the jury that even though a party to a crime does not directly commit the crime, nevertheless the party may be indicted, tried, convicted and punished for the commission of same. We find no merit in this complaint.

5. Defendant next contends that after she was convicted and sentenced to serve 12 months, the trial court remarked "this is the second offense of shoplifting," that the trial court had a standard sentence for second offenders and thus there was little, if any, consideration given to other factors, the same being a mechanical sentence subject to judicial review, citing Dorszynski v. United States, 418 U. S. 424 (94 SC 3042, 41 LE2d 855); Williams v. New York, 337 U. S. 241 (69 SC 1079, 93 LE 1337), and other federal cases. However, these cited cases deal with felony convictions and not with misdemeanors. It is true that prior to the sentencing the court inquired if either defendant had a prior record, to which the prosecutor stated affirmatively that this defendant had a prior shoplifting conviction, the court stated that since this is your second offense of shoplifting the sentence would be 12 months. There was no objection at that point in time that the court had no right to consider the prior conviction in setting the sentence, although the other defendant was sentenced to 12 months on probation on two counts with the payment of a fine, this being the other defendant's first offense of theft by shoplifting. OCGA § 16-8-14 states clearly that upon conviction of a second offense of theft by shoplifting that "in addition to or in lieu of any imprisonment which might be imposed, the defendant shall be fined not less than $250.00 and the fine shall not be suspended or probated." There was no objection that this was not the second offense of theft by shoplifting, and we find no merit in this complaint.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 6, 1984 —
REHEARING DENIED NOVEMBER 26, 1984

*B. T. Edmonds, Jr.*, for appellant.
*Hobart M. Hind, District Attorney, Britt R. Priddy, Assistant District Attorney*, for appellee.