## 70356. LAWRENCE v. THE STATE.
### (334 SE2d 718)

POPE, Judge.
Defendant, Donna Marie Lawrence, was indicted for violating the Georgia Controlled Substances Act in two counts. In Count 1 defendant was charged with possessing cocaine and in Count 2 with possessing more than one ounce of marijuana. Following a trial by jury, defendant was convicted of both counts. On appeal defendant contends that the trial court erred in denying her motion for directed verdict of acquittal. *Held*:

The evidence discloses that on July 26, 1983 an investigator with the Brunswick Police Department's Drug Division received information from a confidential informant. After receiving the information, the investigator and other officers went to Bennie's night club in Brunswick expecting to find defendant and one Earnest Moses. Upon their arrival at Bennie's, the officers found defendant standing beside a dumpster next to some bushes. Earnest Moses was standing next to her. The investigator testified that when he approached Moses, he saw defendant easing towards the dumpster. During the arrest of Moses, the investigator noticed defendant had disappeared. Since Moses had thrown some items on the ground during his arrest, the officers searched the area. During the search a patrolman found a black pocketbook in the dumpster that contained marijuana, 10 packets of cocaine, $214.35, and a driver's license issued to defendant.

Defendant contends that the trial court erred by denying her motion for directed verdict because the evidence is insufficient to support a conviction. In support of this contention defendant argues that no one testified having seen her with the subject purse or its contents, nor was there any testimony that she placed anything in the dumpster. "If a jury is authorized to find the evidence, though circumstantial, sufficient to exclude every reasonable hypothesis save that of guilt, the verdict will not be disturbed by the appellate court unless the verdict is unsupportable as a matter of law." *Henderson v. State*, 170 Ga. App. 170 (316 SE2d 814) (1984). In the case at bar, we cannot

say the verdict is unsupportable as a matter of law. The evidence showing that defendant was seen easing towards the dumpster, that she disappeared while Moses was being arrested, and that a pocketbook found in the dumpster contained her driver's license, as well as the bags of marijuana and cocaine, when viewed in the light most favorable to the verdict, is such that any rational trier of fact could have found defendant guilty as charged beyond a reasonable doubt. See *Norris v. State*, 171 Ga. App. 676 (320 SE2d 886) (1984); *Pitts v. State*, 166 Ga. App. 60 (4) (303 SE2d 151) (1983). See also *Evans v. State*, 167 Ga. App. 396 (1) (306 SE2d 691) (1983), disapproved on other grounds, *Teague v. State*, 252 Ga. 534 (1) (314 SE2d 910) (1984). Therefore, the trial court did not err in denying defendant's motion for directed verdict. See *Humphrey v. State*, 252 Ga. 525 (1) (314 SE2d 436) (1984).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 4, 1985 —
REHEARING DENIED SEPTEMBER 10, 1985 — ▮

*Randall M. Clark*, for appellant.
*Glenn Thomas, Jr.*, District Attorney, *John B. Johnson III*, Assistant District Attorney, for appellee.