## 72660. CARTER v. THE STATE.
(349 SE2d 19)

McMURRAY, Presiding Judge.

A jury found defendant guilty of the crimes of incest, child molestation and statutory rape. Defendant was sentenced to confinement for a period of 20 years for the statutory rape offense. (It was ordered that upon service of 12 years of the sentence, defendant could serve the remaining 8 years on probation provided that he obtain treatment for pedophilia.) The trial court determined that the incest and child molestation charges (which is not an issue before us in the case sub judice) merged with the offense of statutory rape. Accordingly, separate sentences were not meted out for those convictions. In this appeal, defendant contends the evidence was not sufficient to support the jury's verdict and that the trial court erred in charging the law of "flight." *Held*:

1. Viewing the evidence in the light most favorable to the verdict, *Lawrence v. State*, 175 Ga. App. 855, 856 (334 SE2d 718), we find it sufficient for a rational trier of fact to find defendant guilty beyond a reasonable doubt of the crime of statutory rape. *McCrary v. State*, 176 Ga. App. 683 (2) (337 SE2d 442). The victim, defendant's 12-year-old daughter, testified that defendant drove her to a secluded street, removed her clothes, and had sexual intercourse with her. The victim's testimony was corroborated by the testimony of a policeman who came upon the scene during or shortly after the commission of

the act. It was also consistent with the findings made by a physician who examined the victim in a hospital emergency room.

Defendant's first enumeration of error is without merit.

2. In view of the policeman's testimony that defendant attempted to "leave" the scene during the officer's initial investigation, it cannot be said that the trial court erred in charging the jury that it was authorized to take "flight" into account in determining the guilt or innocence of defendant. *Camp v. State*, 166 Ga. App. 208, 211 (8) (303 SE2d 540). "Whether the acts of the defendant constitute flight, and were due to a consciousness of guilt, or whether such acts have an innocent explanation, is a question for the jury. [Cits.]" *Butler v. State*, 172 Ga. App. 405, 407 (4) (323 SE2d 628).

Defendant's second enumeration of error is without merit.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED SEPTEMBER 12, 1986.

*William C. Puckett, Jr.*, for appellant.

*Robert E. Wilson, District Attorney, Susan Brooks, J. Thomas Morgan, Gregory A. Futch, Assistant District Attorneys*, for appellee.