## A96A0536. UPSHAW v. THE STATE.
(472 SE2d 484)

BEASLEY, Chief Judge.

An indictment charged that Upshaw "did unlawfully make an assault upon the person of Randy Phillips by shooting him with a certain gun, an instrument which when used offensively against a person is likely to result in serious bodily injury" (OCGA § 16-5-21).

At trial, Phillips testified as follows. Upshaw and Harris appeared at his house. Upshaw had a pistol, which Phillips attempted to take away. During the struggle, Upshaw shot Phillips once and attempted to shoot him again in the head, but the gun did not discharge. According to Phillips, Harris did not become involved in the altercation.

The sole defense witness was Harris, who had recently been tried for and convicted of murder. Harris maintained that he, rather than Upshaw, struggled with and shot Phillips over a dispute concerning the payment of money for marijuana. Harris acknowledged that Upshaw drove him to and from Phillips' house, but he said Upshaw did not know why they were going to Phillips' house and even tried to stop the altercation between Phillips and him after it had begun.

On the basis of Harris's testimony, the State requested a jury instruction on parties to a crime so as to include the instances of indirect commission. Upshaw objected on the ground that the evidence was not sufficient to show that Upshaw was concerned in the commission of the crime charged in that he was not even indirectly a party to the shooting committed by Harris. The court overruled Upshaw's objection and ultimately instructed the jury on direct and indirect parties to a crime in accordance with OCGA § 16-2-20 (a) and (b) (1), (2), (3), and (4). In regard to subsection (b) (3), the court in its charge substituted the word "helps" for the statutory phrase "aids or abets."

In his sole enumeration of error, Upshaw contends that since his indictment did not allege that he was anything other than a direct perpetrator, the court erred in charging the jury that he could be convicted under a theory of indirect concern because that imported other methods of commission not included in the indictment.

The error enumerated by Upshaw on appeal concerns the allegations of the indictment, whereas the objection raised by him at trial concerned the evidence. Although these issues are different, they are interrelated, so we will address both.

The court did not err in overruling the objection raised by Upshaw at trial. "The jurors are in fact entitled to believe or disbelieve all or any part of the testimony of any witness; and, being the exclusive judges of the credibility of the witnesses, they may accept whatever evidence they deem most reasonable and credible. [Cits.]" *Miller v. State*, 174 Ga. App. 703, 704 (2) (331 SE2d 616) (1985). The jurors were thus entitled to believe part of Harris's testimony and disbelieve other parts, thereby finding that if Harris was the direct perpetrator, Upshaw aided and abetted him in the commission of the crime.

The contention advanced by Upshaw on appeal is similarly without merit. Since Upshaw had notice of the testimony to be presented by his own defense witness, and since it was this testimony which authorized the jury to find that Upshaw was an aider and abetter, the court did not err in giving the complained-of charge. See *Whitaker v. State*, 246 Ga. 163, 167 (12) (269 SE2d 436) (1980); see also *Jenkins v. State*, 172 Ga. App. 715, 716 (4) (324 SE2d 491) (1984).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JUNE 5, 1996.

*Brimberry, Kaplan & Brimberry, John P. Cannon*, for appellant. *Britt R. Priddy, District Attorney, Gregory A. Clark, Assistant*

*District Attorney*, for appellee.