### A97A0936. WILLIAMS v. THE STATE.
(488 SE2d 708)

JOHNSON, Judge.

A jury found Melvin Williams guilty of burglary. He appeals from the conviction entered on the verdict and the denial of his motion for new trial.

1. Williams claims that the evidence was insufficient to support the verdict. Specifically, he argues that the state failed to disprove his affirmative defense that he "acted under an honest 'claim of right'"

to the property" taken from the residence.

The evidence was sufficient to support the verdict. On appeal, the presumption of innocence no. longer prevails. This Court views the evidence in the light most favorable to the verdict and does not speculate which evidence the jury chose to believe or disbelieve. *Gurlaskie v. State*, 196 Ga. App. 794 (1) (397 SE2d 66) (1990). At trial, the victim testified that he returned home one evening and found Williams coming out of the bedroom. The victim fought with Williams and injured and detained him until police arrived. Police discovered the window and handle on the rear door were broken and found exercise bikes, weights, and radios belonging to the victim in or near Williams' car. The victim testified that he had not given Williams permission to enter his house or to remove any property. Williams testified that he entered the house because the victim's neighbor, Ronald Washington, told him he could purchase some weights there. Washington testified he did not tell Williams that anyone was selling weights. The credibility of the witnesses' testimony is determined by the jury, and they, being the exclusive judges of witness credibility, may accept whatever evidence they deem most reasonable and credible. See *Upshaw v. State*, 221 Ga. App. 655, 656 (472 SE2d 484) (1996). The evidence was sufficient for any rational trier of fact to find Williams guilty of burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Black v. State*, 222 Ga. App. 80 (473 SE2d 186) (1996). Moreover, assuming he presented a "claim of right" defense, this evidence was sufficient to disprove such a defense beyond a reasonable doubt.

2. Williams argues the trial court erred in not charging the jury on his sole defense of claim of right. In his brief, he says his sole defense was that he believed he had a right to enter the premises and remove the property because he had purchased the property. "A requested charge . . . must be legal, apt and precisely adjusted to some principle involved in the case and be authorized by the evidence." (Citation, punctuation and emphasis omitted.) *Minor v. State*, 264 Ga. 195, 197 (3) (442 SE2d 754) (1994). Even regarding a sole defense, a charge is not mandated without some evidence to support it. See *Hayes v. State*, 193 Ga. App. 33, 37 (8) (387 SE2d 139) (1989). In this case, there was no evidence that Williams purchased the weights or had permission to remove any of the other property found in or near his car. Thus, the charge was not authorized by the evidence. The court instructed the jury on the elements of burglary, criminal intent, circumstantial evidence, credibility of witnesses, burden of proof, and mistake of fact. We find no error.

*Judgment affirmed. Pope, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 3, 1997.

*William J. Mason,* for appellant.

*J. Gray Conger, District Attorney, Lori L. Canfield, Assistant District Attorney,* for appellee.