## A01A0314. PRIESTER v. THE STATE.
(549 SE2d 429)

SMITH, Presiding Judge.

Christopher Rubin Priester was charged in two indictments and one accusation with three counts of theft by receiving an automobile, two counts of leaving the scene of an accident, aggravated assault on a police officer, felony obstruction of an officer, and driving with a suspended license.[1] The charges were joined for trial on the State's motion. A directed verdict was granted on the charge of driving with a suspended license, and a jury found him guilty of all remaining offenses. His amended motion for new trial was denied, and he appeals, raising 12 enumerations of error. Priester challenges the trial court's failure to give certain charges, joinder of the indictments and accusation for trial, and admission of similar transaction evidence. He also contends that certain counts should have merged and that the evidence was insufficient to support his convictions. The State concedes that the conviction for aggravated assault on an officer merged with the conviction for obstructing an officer, and we therefore vacate the judgment imposing sentence on those two counts

---

[1] *State v. Tyson*, 273 Ga. 690 (544 SE2d 444) (2001).

[2] *Tyson v. State*, 241 Ga. App. 288 (526 SE2d 603) (1999).

[1] In addition, Priester was charged with two recidivist counts.

and remand this case for resentencing on those two counts only. We find no merit in Priester's remaining contentions, and we affirm the remainder of the judgment below.

Viewed to support the jury's verdict, the evidence presented at trial showed that the charges arose out of several incidents that occurred in February and October 1998. On February 12, 1998, a 1994 Ford Taurus and its keys were stolen from Southern Natural Gas Company in Augusta. Five days later, Priester was driving that car in Savannah when he collided with another car. Priester and the other driver discussed his reluctance to telephone the police department regarding the accident, but before their discussion was finished, an officer arrived on the scene. Priester asked the officer if he could leave to make a telephone call, the officer acceded, and Priester left and did not return.

On October 12, 1998, a 1991 Buick LeSabre and its keys were reported stolen from Hook Towing Service in Savannah. Two days later, an officer on routine patrol observed the vehicle parked in front of a residence. The vehicle identification number matched that of the stolen vehicle. Priester's fingerprints were found on the car, he admitted driving the car, and his girlfriend lived on the street where the car was found.

On October 31, 1998, a Savannah police detective patrolling in an unmarked police car recognized Priester driving an 1985 Oldsmobile Delta 88. The officer worked in auto theft, and he knew Priester was wanted for theft by receiving a stolen auto. The officer called for backup and pursued Priester. A marked unit arrived and pulled in front of Priester's car to block it. The officer in the marked unit jumped out of his car, whereupon Priester backed up suddenly and hit the car immediately behind his. The officer drew his gun, fearing Priester would run over him. He told Priester to get out of the car, and Priester ignored him. The officer then reached into the car, hoping to grab the steering column and stop the car. The car was forced forward, and Priester "immediately shot forward" again, knocking the gun out of the officer's hand and causing it to discharge as the officer stumbled. Priester then left in his car with the unmarked car in pursuit. Priester eventually abandoned the car and proceeded on foot over a fence into a backyard. Another police officer on patrol heard on the police radio that Priester had fled on foot, along with a description of Priester and his approximate location. He spotted Priester hiding, lying between a parked car and the curb. The officer approached Priester with his weapon drawn, and Priester again fled. As the officer chased Priester, a dog bumped into Priester, causing him to fall and allowing the officer to arrest Priester.

1. In two enumerations of error, Priester contends the trial court erred in failing to give two charges, neither of which was requested by Priester.

(a) Priester contends the trial court erred in failing to instruct the jury on justification, which he maintains was his sole defense to the charges of aggravated assault on a police officer and obstruction of a police officer. Failure to instruct the jury on a defendant's sole defense is reversible error, even when the defendant does not request the charge. *Parker v. State*, 230 Ga. App. 578, 579 (2) (497 SE2d 62) (1998).

The aggravated assault charge was based upon Priester's rapidly accelerating his car while the officer was leaning into it. The indictment charged that Priester obstructed the officer when he offered "to do violence" to the officer "by refusing to stop his vehicle and accelerating the vehicle forward while said officer was leaning into said vehicle to effectuate a lawful arrest."

But "[e]ven regarding a sole defense, a charge is not mandated without some evidence to support it. [Cit.]" *Williams v. State*, 227 Ga. App. 147, 148 (2) (488 SE2d 708) (1997). Justification was not Priester's defense to these charges; he claimed he simply did not commit aggravated assault, but accelerated only when he saw that the officer was "free and clear of the car." Although Priester argues that he left the scene because the officer had shot him and he was afraid the officer would do so again, the obstruction charge was not based upon Priester's fleeing. It was based upon his offering to do violence to the officer by refusing to stop the car and instead accelerating forward while the officer was leaning into the car. No evidence of justification or self-defense was presented as to these charges, and the trial court did not err in failing to give the jury instructions.

(b) Appellate courts are required to consider and review erroneous charges when a "substantial error" in the charge "was harmful as a matter of law, regardless of whether [proper] objection was made." OCGA § 5-5-24 (c). Although he did not request such a charge, Priester maintains the trial court erred by failing to charge the jury expressly that an essential element of the charge of aggravated assault on a police officer is the defendant's knowledge that the victim was a police officer.

The trial court charged the jury: "A person commits the offense of aggravated assault upon a police officer when that person knowingly commits an aggravated assault upon an officer while that officer is engaged in or on account of the performance of official duties." The court also charged that intent was an essential element of the offense and that the State must prove *every* element beyond a reasonable doubt.

Priester's testimony showed clearly that he knew the man leaning into his car was a police officer. Even if the court's charge may have been deficient, therefore, it is not reversible error, because no

substantial error exists that was harmful to Priester as a matter of law. *Stevenson v. State*, 234 Ga. App. 103, 106 (3) (c) (506 SE2d 226) (1998).

2. Priester alleges that joinder of the eight charges from two indictments and an accusation was error. In *Dingler v. State*, 233 Ga. 462, 463 (211 SE2d 752) (1975), the Supreme Court of Georgia

> adopted the ABA Standards on Joinder of Offenses, holding that two or more offenses may be joined as separate counts of one indictment where both: (a) are of the same or similar character, even if not part of a single scheme or plan; or (b) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan. *Dingler* was further explained in *Terry v. State*, 259 Ga. 165, 168 (1) (377 SE2d 837) (1989), as follows: Where multiple offenses have been joined solely on the ground that they are of the same or similar character, the defendant has an absolute right to a severance of the offenses.

(Punctuation and emphasis omitted.) *Wilcox v. State*, 271 Ga. 544, 545 (1) (522 SE2d 457) (1999).

When two or more offenses are joined because they not only are similar but also are part of a single scheme or plan or are based on the same conduct or a series of acts either connected or constituting parts of a single scheme or plan, it is within the trial court's discretion whether to grant a severance. The trial court should, in its discretion, grant severance if it is appropriate to the fair determination of the defendant's guilt or innocence on each charge. The court should consider the jury's ability to distinguish the evidence and apply the law intelligently as to each offense, in view of the number of offenses charged and the complexity of the evidence to be offered. *Wilcox v. State*, supra.

Here, the offenses were not only similar; they were based upon a series of acts constituting a definite pattern. In each incident, a stolen car was taken with the keys to the car. In each, Priester was later seen driving the car. In two incidents, he fled the scene, and the aggravated assault and obstruction charges stemmed from Priester's attempt to escape apprehension when driving those stolen vehicles. When, "as here, the similarity of the crimes reaches the level of a pattern, severance of the crimes is not required." (Citations and punctuation omitted.) *Stinson v. State*, 197 Ga. App. 687, 688 (1) (399 SE2d 278) (1990). The trial court did not abuse its discretion in denying severance of offenses.

3. Priester did not object to the introduction of evidence, including the testimony of a state patrol officer, of Priester's conviction in 1991 after pleading guilty to theft by receiving a stolen car, failure to

yield right of way, and attempting to elude a police officer.[2] Because he made no contemporaneous objection, he cannot now raise this error. "The failure to object to the admission of evidence at trial constitutes a waiver of the right to raise the issue on appeal." (Citations and punctuation omitted.) *Jack v. State*, 245 Ga. App. 216, 218 (4) (536 SE2d 235) (2000).

4. Priester raises two issues regarding merger of offenses.

(a) The State concedes that the crimes of aggravated assault on an officer and obstruction of the same officer were included in each other and Priester could be convicted of only one. The same conduct that proved the aggravated assault proved the obstruction. For sentencing purposes, therefore, the two crimes merged under OCGA § 16-1-7 (a). Because Priester was sentenced on both offenses, we vacate those convictions and sentences and remand to the trial court for resentencing on these two offenses only.

(b) We do not agree, however, with Priester's contention that his conviction for leaving the scene of an accident merged with his convictions for aggravated assault on an officer and obstruction of the officer. The offense of leaving the scene had different elements than the other two crimes, which were based upon Priester's accelerating his car to do violence to the officer. Neither of those crimes was based upon Priester's leaving the scene.

5. In his remaining enumerations of error, Priester raises the general grounds, arguing that insufficient evidence was presented to support his convictions for all three counts of theft by receiving, aggravated assault, obstruction, and leaving the scene.

(a) Priester testified that in all three incidents, he lacked the essential element of scienter. He claimed, in all three incidents, that he did not know the car was stolen. But in all three incidents the fact that Priester was in possession of the stolen car was not the only evidence of guilt.

> Although possession of recently stolen property is not alone sufficient to sustain a conviction for receiving stolen property, guilt may be inferred from possession along with other evidence — including circumstantial evidence — of guilty knowledge which would excite suspicion in the mind of an ordinarily prudent person.

(Citation omitted.) *Slaughter v. State*, 240 Ga. App. 758, 760 (6) (525 SE2d 130) (1999).

---

[2] Priester did object to the admission of a document showing the prior sentence, on the ground that it put his character in issue because it showed that the sentence ran consecutive to another sentence he was then serving, and the trial court agreed and excluded that document.

Priester was driving the stolen 1994 Ford Taurus when he collided with another car. He asked the other driver not to call the police, but an officer saw the accident and stopped. Priester fled the scene after asking the officer if he could use a telephone. He was seen driving the stolen 1985 Oldsmobile. He fled when an officer attempted to arrest him. Three days after the 1991 Buick LeSabre was stolen along with its keys, the car was found parked in close proximity to Priester's girlfriend's home, Priester's fingerprints were found on the car, and he admitted he had driven it. Priester's conduct after being apprehended, his possession of stolen property, and the evidence of a similar transaction were sufficient to authorize the jury to infer guilty knowledge. The evidence was sufficient to support his conviction for the three counts of theft by receiving stolen property under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

(b) Priester argues that the evidence was insufficient to support his convictions for aggravated assault and obstruction because the State did not prove he knew that the man who leaned into the car Priester was driving was a police officer. We have already determined that Priester possessed this knowledge; in fact, he testified that the man emerged from a "patrol car." He testified he had no intention of hurting the man because he had "a lot of respect for a lot of officers." This enumeration is without merit.

(c) It is uncontradicted that Priester left the scene after backing into the car behind him and injuring the officer. Priester denied assaulting or obstructing the officer, but he admitted that he drove off. OCGA § 40-6-270 (a) provides that "[t]he driver of any vehicle involved in an accident resulting in injury to . . . any person or in damage to a vehicle which is driven or attended by any person shall immediately stop such vehicle at the scene of the accident" and provide pertinent information to the other driver and aid to anyone injured, remaining at the scene until these requirements are fulfilled. Evidence was presented at trial that Priester drove off without providing any information or rendering aid to the injured officer. This evidence was sufficient to authorize the jury to find him guilty of violating OCGA § 40-6-270 (a) under the standard set forth in *Jackson v. Virginia*, supra.

*Judgment affirmed in part, vacated in part, and remanded for resentencing in part. Barnes and Phipps, JJ., concur.*

DECIDED MAY 14, 2001.

*Emory B. Bazemore,* for appellant.

*Spencer Lawton, Jr., District Attorney, Lori L. Canfield, Nancy R. Smith, Assistant District Attorneys,* for appellee.