### A09A1776. LIGHTSEY v. THE STATE.
(690 SE2d 675)

BARNES, Judge.

Following the denial of his motion for new trial, Ivan Lightsey appeals his convictions for three counts of misdemeanor obstruction of a police officer, giving a false name, and fleeing or attempting to elude an officer. Lightsey contends that the evidence was insufficient to support his convictions for obstruction of an officer and fleeing to elude. He also maintains that the trial court erred in denying his request to charge the jury on a person's right to resist an unlawful arrest with reasonable force. Following our review, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that after observing a white pickup truck run a red signal light, a Fitzgerald Police Department officer activated his blue lights and attempted to stop the truck. The driver, who was identified at trial as Lightsey, traveled for another block before stopping. When asked for his license and insurance, Lightsey, who initially gave a false name and birth date, said that he did not have his license with him. When a second officer drove up to

assist, Lightsey drove off and both officers pursued him with their lights and sirens activated. Lightsey drove his truck into an alley, jumped out, and abandoned the truck. One officer pursued Lightsey on foot and used pepper spray to try to stop Lightsey from climbing over a fence. Lightsey kicked the officer, pulled the officer's arm through the fence — puncturing it on a wire — and continued to run.

After losing sight of Lightsey, the officers cornered him in an abandoned building, but Lightsey refused to surrender. An officer again used pepper spray, but the officers also inhaled the spray and left the building for fresh air. Lightsey ran from the building and the officers continued to chase him. Several other officers had responded by that time, and Lightsey was again cornered in some shrubbery. He refused to come out, so one of the officers pepper-sprayed him again. Lightsey struggled with the officer and resisted the officer's attempt to arrest him until several officers assisted in successfully handcuffing him.

1. Lightsey contends that the evidence was insufficient to convict him of obstruction and fleeing or eluding a police officer. He argues that he was never told why he was stopped and drove away because he was afraid that police were "ganging" up on him.

OCGA § 16-10-24 (a) provides that "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." The evidence that Lightsey drove away from the scene of a lawful stop, abandoned his truck and fled on foot, continued to run from police although ordered to stop, fought with police and resisted their attempts to arrest him was more than sufficient to support his conviction for three counts of misdemeanor obstruction. See *Lord v. State*, 276 Ga. App. 209 (622 SE2d 887) (2005) (resisting a lawful arrest by an officer constitutes obstructing an officer under OCGA § 16-10-24 (a)); compare *Williams v. State*, 285 Ga. App. 190 (1) (645 SE2d 676) (2007) (evidence insufficient for obstruction conviction because officer had never activated his emergency lights or siren, or attempted to stop defendant, or ordered him to stop once he began running).

The evidence was also sufficient under *Jackson v. Virginia*, supra, to sustain Lightsey's conviction for fleeing or attempting to elude. OCGA § 40-6-395 (a) provides that "[i]t shall be unlawful for any driver of a vehicle willfully to fail or refuse to bring his or her vehicle to a stop or otherwise to flee or attempt to elude a pursuing police vehicle or police officer when given a visual or an audible signal to bring the vehicle to a stop." Lightsey admitted at trial that he fled from police; it was for the factfinder to determine his credibility regarding the rationalization.

2. Lightsey also contends that the trial court erred in refusing to

give his requested charge on the right to resist arrest with reasonable force.

A requested charge must be precisely adjusted to some principle arising in the case and authorized by the evidence. *Williams v. State*, 227 Ga. App. 147, 148 (2) (488 SE2d 708) (1997). The law provides no right to resist a legal arrest. *Wagner v. State*, 206 Ga. App. 180, 182 (424 SE2d 861) (1992). The evidence at trial established that police had probable cause to arrest Lightsey. Because there was no factual support for the premise that Lightsey was justified in resisting arrest, the trial court did not err in refusing to give the requested charge.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED FEBRUARY 11, 2010.

*Timothy L. Eidson, Clinton L. Lott IV, Steven D. Knittle*, for appellant.

*Denise D. Fachini, District Attorney, Cheri L. Nichols, Assistant District Attorney*, for appellee.

