40455. TAYLOR v. THE STATE.

GREGORY, Justice.

The appellant, Artis Taylor, was convicted by a jury for the murder of Viola Brown and sentenced to life imprisonment. He appeals from the denial of his motion for a new trial. We affirm.

There was evidence from which the jury was authorized to find that appellant and Viola Brown were common law husband and wife. They separated in June 1982. During the early morning hours of October 30, 1982, Viola Brown and a friend, Ms. Geraldine Broadnax, went to the residence of the appellant. Upon arriving at appellant's apartment, Ms. Brown left Ms. Broadnax in the car and went into the

apartment. Once inside, Ms. Brown and appellant began to argue. The argument led to a fight which resulted in appellant knocking Ms. Brown into the living room wall, causing her nose to bleed. After cleaning herself up some, Ms. Brown went back to the car to tell Ms. Broadnax that she could go home because she was going to stay longer. Ms. Broadnax then drove away, leaving Ms. Brown at the appellant's apartment. Ms. Brown walked around to the rear of the apartment to the area where appellant's car was parked. The appellant, unsure of what Ms. Brown was doing, grabbed his loaded .20 gauge shotgun and went out back to investigate. Not finding Ms. Brown in the back, appellant entered the apartment again. As he proceeded toward the front of the apartment, appellant heard Ms. Brown on the front porch knocking the window out with a garden rake. Appellant went onto the front porch armed with his shotgun and saw Ms. Brown standing on a street corner approximately 40 to 50 yards from his apartment. She left the street corner and proceeded back toward the apartment with the rake in her hand. As she approached, appellant released the safety on his shotgun. As Ms. Brown moved up the steps and onto the front porch the appellant, thinking Ms. Brown was going to strike him with the rake, pointed the shotgun at her and at a distance of some two or three feet fired once, striking her in the chest. The police were called to the scene and a statement was taken from the appellant. The victim was pronounced dead at the scene. Based on appellant's statement, he was arrested for the murder of Ms. Brown.

1. In his first enumeration of error, appellant contends the trial court erred in denying his motion for a directed verdict of acquittal. Appellant argues this case is controlled by the rule announced in *Harrell v. State,* 108 Ga. App. 295, 296 (132 SE2d 787) (1963): "Where the State relies upon extra-judicial statements of the accused alone to show intent to commit the crime charged and no other evidence is introduced to show such intent, and where the alleged confession of the defendant and his sworn testimony on the trial, considered together, amount to no more than the admission of the main fact (that is, the killing of the deceased) with the qualifying exclusion of the necessary ingredient of intent, and where there was nothing in the proofs submitted by the State which materially contradicted the defendant's account of what occurred, even though the defendant's admission and his testimony may seem unreasonable, where it is the only explanation the State is able to offer, it is insufficient to sustain a conviction." Compare; *Terry v. State,* 243 Ga. 11 (1) (252 SE2d 429) (1979).

Appellant contends the only evidence before the court demanded a finding that he killed in self-defense. We think not.

Appellant's own statements, given in and out of court, would permit the jury to find that the victim broke a window from outside while appellant was inside the apartment. The victim was leaving the scene and had gotten perhaps 50 yards away when appellant pursued her as far as his front porch, armed with a shotgun. From the evidence, the jury could believe the appellant provoked the victim's attack as an excuse to kill her. OCGA § 16-3-21 (b) (1) (Code Ann. § 26-902). This court has consistently held that a motion for directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. *Zuber v. State,* 248 Ga. 314 (3) (282 SE2d 900) (1981). As there was a conflict in the evidence at trial, the trial court did not err in denying appellant's motion for a directed verdict of acquittal.

2. In his second enumeration of error, appellant contends the charge of the court, taken as a whole, shifted the burden of proof to appellant on the issue of self-defense. The charge in question was as follows: "An affirmative defense is one that admits the doing of the act charged, but seeks to justify it or to excuse or mitigate it. With respect to an affirmative defense, such as self-defense, unless the State's evidence raised the issue involving the alleged defense, the defendant, to raise the issue, must present evidence thereon. But once an issue of affirmative defense is raised, the burden of proof rests upon the State as to such issue, as it does with respect to all other issues in the case."

"It is a fundamental rule in Georgia that jury instructions must be read and considered as a whole in determining whether the charge contained error. [Cits.]" *Williams v. State,* 249 Ga. 822 (3) (295 SE2d 293) (1982). A complete review of the court's charge in the case sub judice reveals that neither this isolated charge nor the charge as a whole, shifted the burden of proof on any issue to appellant. Throughout the charge, the judge pointed out the burden of proof always rests on the State. We find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 15, 1984.

*Pearce, Arey & Burns, H. Norwood Pearce,* for appellant.
*William J. Smith, District Attorney, Tasca W. Badcock, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis,* for appellee.