## 40629. HUMPHREY v. THE STATE.

HILL, Chief Justice.

The defendant was convicted on May 12, 1983, of the murder of Harold "Sonny" Whiddon and for tampering with evidence. He received a life sentence for the murder and one year to be served

---

concurrently for tampering with the evidence.[1]

For a short time before his death, the victim lived with the defendant at the defendant's farm. On the evening of January 25, 1983, the defendant and the victim went to a fishfry in Bainbridge where they ate, drank alcohol, played pool, and helped clean up. They left about midnight, rode around town for a while, and then went back to the farm. According to the defendant's testimony, he decided to go to his father's house for the night since he knew the victim was not ready to go to sleep. He got out of his Bronco and opened the door to the trailer for the victim. He got back into the Bronco and started backing out when he heard something hit the Bronco. He said he saw the victim coming out of the trailer, shooting at him. He stopped, got his rifle from the gunrack, put a shell in the chamber, got out of the Bronco and shot the victim.

The defendant then dragged the body under a fence and into a field behind the trailer. He took a water hose and tried to wash the blood from the ground. The defendant then went to his father's house and told his father and brother that he had shot and killed the victim. The police were notified. The police arrived at the father's house at approximately 2:30 a.m.

They took the defendant's .300 magnum rifle and placed him in their car. The police then proceeded to the defendant's farm. At the scene, the police found the victim's body about 85 feet behind the trailer on the other side of a barbed wire fence. The water hose was still running and blood was observed on the spigot. The victim's .22 caliber rifle was leaning against a pole near the trailer. A cartridge was found jammed in the chamber, but no fingerprints were found on the .22 rifle. After daylight, investigators observed a distinct trail where the body had been dragged from an area near the trailer to the field. They also found a .300 magnum shell casing in the driveway about 70 feet from the trailer. The police also found two live .22 caliber shells on the ground but they found no .22 shell casings. When the police searched the defendant's Bronco they found a box of .300 magnum shells, a case of .22 shells, and what appeared to be a bullet hole, larger than a .22, about 3 inches from the bottom of the body of the Bronco on the driver's side. The defendant had a blood alcohol content of .12.

1. The defendant claims the trial court erred in failing to grant a directed verdict of acquittal at the conclusion of the state's evidence

---

[1] A motion for new trial was timely filed and was amended on August 9, 1983. The motion for new trial was heard on August 16 and was denied on September 1, 1983. Notice of appeal was timely filed, and the case was docketed in this court on December 9, 1983. The case was argued February 13, 1984.

and at the conclusion of all the evidence. OCGA § 17-9-1 (a) (Code Ann. § 27-1802). The defendant contends that the evidence is wholly circumstantial, that there was no evidence of malice or motive and that the evidence showed only self-defense. The evidence is not wholly circumstantial in that there was direct evidence that the defendant killed the victim.

The state on the other hand urges that the test for determining the sufficiency of the evidence in response to a motion for directed verdict is the "any evidence" test, citing *Bethay v. State,* 235 Ga. 371, 376 (219 SE2d 743) (1975). *Bethay* was decided prior to Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). In light of Jackson v. Virginia, we find that the test established there is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence.

The state's evidence showed that the victim's body was moved from the vicinity of the trailer and that an effort had been made to wash away the victim's blood. Such evidence authorized the jury to find that the defendant at first sought to conceal the victim's death, that the defendant's initial reaction to the killing demonstrated guilt, that the defendant's explanation as to why he moved the body was unsatisfactory,[2] and that the defendant's claim of self-defense was concocted. The state is required to prove malice, not motive. *Phillips v. State,* 207 Ga. 336 (61 SE2d 473) (1950).

The jury was authorized to refuse to accept the defendant's claim of self-defense, and reviewing the evidence in the light most favorable to the prosecution we find that a rational trier of fact could have found the essential elements of the crime of murder beyond a reasonable doubt. Jackson v. Virginia, supra.

2. The defendant asserts that the trial court erred in failing to give his requested charges on reasonable doubt, circumstantial evidence, justification and burden of proof. He also contends that the court erred in failing to give, without request, a charge on misfortune and accident. We find no error. The jury was properly instructed as to reasonable doubt, etc., and there was no evidence to require a charge on misfortune and accident. *Rivers v. State,* 250 Ga. 288 (7) (298 SE2d 10) (1982); *Boling v. State,* 244 Ga. 825 (9) (262 SE2d 123) (1979).

3. The defendant contends the trial court erred in denying his

---

[2] The defendant sought to explain his conduct by saying that he hoped that by removing the body and blood, the victim's death would not have occurred. He said that after doing so he went into the trailer looking for the deceased but he was not there.

motion for a new trial based on newly discovered evidence. In his motion the defendant showed that after the trial, the previous owner of the .22 rifle informed him of the tendency of the rifle to jam, that this information enabled his ballistics expert to examine the victim's rifle, to examine holes in the Bronco, and thereby to reconstruct the scene and discover, by the use of a metal detector, three .22 caliber shell casings fired from the rifle which had been found near the trailer and a partial .22 bullet with indentations which had been found along with some metal fragments. The defendant also cites the misleading location of the .22 rifle and live rounds and the overgrowth in the yard as factors preventing the discovery of this evidence before trial. However, the defendant knew that the victim's .22 rifle had a tendency to jam and his expert acknowledged that he could not say when the shell casings he found were fired.

On motion for a new trial based on newly discovered evidence, it is incumbent that the movant satisfy the court (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness is attached to the motion or its absence accounted for; and (6) that the new evidence does not operate solely to impeach the credibility of a witness. All six requirements must be satisfied before a new trial will be granted. Failure to show one requirement is sufficient to deny a motion for new trial. *Timberlake v. State,* 246 Ga. 488, 491 (271 SE2d 792) (1980); *Offutt v. State,* 238 Ga. 454, 455 (233 SE2d 191) (1977).

The trial judge did not err in overruling the motion for new trial based on newly discovered evidence. The defendant knew from his own experience in firing the .22 that it could jam (his attorney also knew it from a scientific report produced before trial). The defendant's expert could have examined the Bronco, the scene of the crime, and the .22 rifle, *Sabel v. State,* 248 Ga. 10 (6) (282 SE2d 61) (1981), before trial. A metal detector could have been used before trial to search for shell casings and bullet fragments. Everything that the expert did after trial he could have done before trial. A defendant is not entitled to go to trial hoping to convince the jury that he is not guilty, and having failed to do so, employ an expert to bolster his defense and thereby obtain a new trial based on newly discovered evidence when the expert could have conducted his examination before trial and testified at the trial. We find that the alleged newly discovered evidence, some of which was known to the defendant before the victim was shot, was not acquired before trial due to lack of diligence. Moreover, the alleged newly discovered evidence is cumulative in part and inconclusive, and we cannot say that the trial

court erred in finding that such evidence probably would not produce a different verdict. The judge who conducted the trial overruled the motion for new trial based on newly discovered evidence and his determination is entitled to great consideration.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 17, 1984 —
REHEARING DENIED MAY 15, 1984.

*Smith, Perry & Epps, Ralph C. Smith, Jr.,* for appellant.
*J. Brown Moseley, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis,* for appellee.