68197. BARNES v. THE STATE.
(322 SE2d 340)

McMurray, Chief Judge.

Defendant was indicted and convicted of the offense of selling a controlled substance (heroin). Defendant's sole enumeration of error addresses the trial court's denial of his motion for directed verdict of acquittal on the grounds that the State has failed to show that the substance tested was the same as that purchased from defendant. *Held*:

Defendant relies heavily upon the testimony of the three individuals in the chain of custody as to what was written on an evidence

envelope containing the material purchased from defendant. The undercover officer, who purchased the heroin, testified that he thought the envelope had the nickname "Boobie" written on it, while his superior, to whom he had given the envelope the following day, testified that the envelope had defendant's name "Melvin Barnes" written on it. The crime laboratory employee who received the envelope stated the envelope had only the initials "C. B." at the time it was received and later these initials were crossed out and replaced by "Melvin Barnes, alias 'Boobie.'" All three of the individuals involved in the chain of custody were uncertain as to their memory of these transactions which occurred more than three years before the trial date. Defendant argues that the discrepancy shows that an envelope other than that containing the material purchased from him was received by the crime laboratory and tested.

Although the memory of the three individuals involved in the chain of custody was uncertain as to the question of the writing upon the evidence envelope, their testimony was otherwise unequivocal. The undercover officer who made the purchase testified that he purchased the material wrapped in tinfoil from defendant and placed it in the evidence envelope on September 12, 1978, and that the envelope was kept secure and locked in his motor vehicle until the following day when he handed the evidence envelope to his superior officer. The undercover officer also testified that the material purchased from defendant was the only suspected drugs in his possession during the relevant time period. The undercover officer's superior testified that he received the envelope from the undercover officer on September 13, 1978, and that later in that day he handed the envelope he had received from the undercover officer to the crime laboratory chemist and that on that day he was in possession of no other drugs. The crime laboratory chemist testified that he received the evidence envelope, "[took] it to the laboratory, dictated an inventory of what [he] had received, from whom, when, where, that type of information. Placed it in an evidence locker, [a] short time later [he] removed it and did an analysis . . ." The chemist testified that his test revealed the presence of heroin.

The evidence shows that the material purchased from defendant was at all times while in the custody of a law enforcement officer the sole suspected controlled substance in the custody of the officer, until it was placed in the custody of a crime laboratory chemist and taken by him to the crime laboratory. It appears clear that the material purchased from defendant and that tested by the crime laboratory were proven by the State to be the same to a reasonable certainty. See *Anderson v. State*, 247 Ga. 397, 399 (276 SE2d 603); *Thornberry v. State*, 146 Ga. App. 827, 829 (3) (247 SE2d 495).

After reviewing the evidence in the light most favorable to the

prosecution we find a rational trier of fact could have found the essential elements of the offense of selling a controlled substance (heroin) beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The trial court did not err in denying defendant's motion for directed verdict of acquittal. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 18, 1984.

*James A. Elkins, Jr.*, for appellant.

*William J. Smith, District Attorney, J. Gray Conger, Assistant District Attorney*, for appellee.