### 68753. TAYLOR v. THE STATE.
(323 SE2d 212)

Quillian, Presiding Judge.

The defendant appeals his convictions for rape and burglary. *Held*:

1. The defendant's contention that certain items seized as a result of a search should be excluded from evidence is without merit. The defendant filed no written motion to suppress as required by OCGA § 17-5-30 (b). See *Brannen v. State*, 117 Ga. App. 69 (159 SE2d 476); *Peppers v. State*, 144 Ga. App. 662 (242 SE2d 330). Furthermore, defense counsel's statement that he was unaware that defendant's wife consented to the search, rather than defendant, affords

no basis for permitting the issue to be raised at the trial. Compare *Thomas v. State*, 118 Ga. App. 359, 360 (163 SE2d 850).

2. The State and the defendant entered into a stipulation regarding a polygraph (lie detector) test which specified the individual who conducted the test and provided: "It is also stipulated that any questions propounded by said examiner relating to the above-styled case and the answers thereto given by the defendant and the recordings of the said defendant's reactions thereto and everything appertaining to said examination and the entire results of said examination, including the opinion of said examiner as to the truth or falsity of said answers, be received in evidence in the above-styled case, either on behalf of the State or on behalf of the defendant; and the said defendant hereby waives his constitutional privileges against self-incrimination to the extent that the same may be involved in the presentation in evidence of the foregoing matters. It is expressly stipulated that the foregoing shall not constitute a waiver of the defendant's privileges against self-incrimination except as set forth above."

More than 10 days prior to trial the defendant filed a motion under what is now OCGA § 17-7-210 and 17-7-211. When the State sought to introduce testimony regarding the polygraph result the defendant moved to exclude such evidence because the State had not furnished him a copy of the written report emanating from the polygraph test. The trial judge overruled the motion but permitted defense counsel 5 minutes to read the report prior to cross-examining the polygraph operator.

The record reveals that a written report was prepared after the polygraph examination but it was not furnished to either the defense or to the District Attorney's office (although each side was informed that the defendant "failed the test"). However, a written copy was sent to the police officer who investigated the crime.

As a point of first impression, we observe that because in a written stipulation the defendant consented to the admission of the result of the polygraph test does not mean that he in any way abjured his right to obtain a copy of the test under OCGA § 17-7-211. No such statement is found in the stipulation, nor for that matter is any language contained therein which would even infer a waiver.

Recently, the Georgia Supreme Court has thoroughly discussed OCGA § 17-7-211 in *Law v. State*, 251 Ga. 525, 527 (307 SE2d 904). We quote from that opinion: "The code section has two objectives apparent from its plain language. First, it makes certain reports subject to discovery by a defendant in a criminal case. Second, it provides a procedure to be followed. To accomplish the first objective, the reports are described by their nature and function. Then, two limitations are applied. Not every described report is discoverable, but only those (1) in the possession of or available to the prosecution (2)

which will be introduced against the defendant. As to the second objective, the procedure, the time frames and mechanics of conducting the discovery are provided. The defendant initiates discovery by filing a written request for the report. He does this at arraignment or within any reasonable time prior to trial. What is reasonable is in the sound discretion of the trial judge. If the request is timely made, defendant is then given at least ten days access to the report before trial, in order to prepare. That is, a copy of the report must be furnished by the prosecuting attorney at least ten days prior to trial. Nothing in the statute indicates the report becomes non-discoverable solely because a request is untimely. Obviously, the ten day time period may be reduced if ten days are not available either because the defendant delays the request, or because indictment or arraignment occur within ten days of trial. The defendant is nonetheless entitled to production within such time as is reasonable. If the prosecuting attorney furnishes a copy but not in the time frame specified, there is nothing in the statute to require exclusion of the document from evidence. Perhaps late furnishing of a copy will mean the defendant is entitled to a continuance or recess of the trial as the trial judge may determine. The only circumstance making the exclusionary rule applicable is the failure of the prosecuting attorney to afford discovery at all. OCGA § 17-7-211 (c) (Code Ann. § 27-1303). Therefore, we construe the code section to provide for discovery of specific reports. The penalty the State suffers for failure to furnish a copy of a report is the exclusion of that report from evidence. The defendant is entitled to have the document at least ten days prior to trial. If ten days are not available, the defendant is entitled to the document within a reasonable time and may be entitled to a continuance or recess as the trial judge shall determine. Only where the prosecuting attorney fails altogether to furnish the document does the exclusionary rule apply."

Here the report was available to the prosecution and was subsequently introduced against the defendant. Thus, the threshold requirement set forth in *Law* was met. The request was timely and nothing was furnished prior to trial. The remaining question involves whether the State failed to furnish discovery at all as enunciated in *Law*.

We do not construe the language therein to mean that exclusion would be improper under the circumstances here. The trial judge allowed evidence regarding the polygraph test over the objection that no report had been furnished and then permitted defense counsel 5 minutes to read such report. We hold that this constitutes an unreasonable time and is tantamount to failing altogether to furnish a report.

Therefore, the admission of the evidence was error.

3. In view of our holding in Division 2 no ruling is required as to

whether the failure to give an instruction on polygraph tests was error in the absence of a written request. However, see *State v. Chambers,* 240 Ga. 76, 79 (239 SE2d 324) and *Ross v. State,* 245 Ga. 173, 175 (2) (263 SE2d 913).

The judgment of the trial court is reversed and remanded with direction that testimony and evidence arising from the polygraph report be excluded and suppressed from any retrial of the case unless and until the district attorney has fully complied with the provisions of OCGA § 17-7-211. *Tanner v. State,* 160 Ga. App. 266, 268 (287 SE2d 268). Accord *Madigan v. State,* 160 Ga. App. 656 (288 SE2d 34).

*Judgment reversed with direction. Birdsong and Carley, JJ., concur.*

DECIDED SEPTEMBER 21, 1984 —
REHEARING DENIED OCTOBER 17, 1984

*James D. Clark,* for appellant.
Joseph Junior Taylor, *pro se.*
*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney,* for appellee.