## A89A1607. BAILEY v. THE STATE.
(388 SE2d 408)

BIRDSONG, Judge.

Gregory Bailey was indicted for vehicular homicide, driving without a license, possession of marijuana, and, in a third count, fleeing the scene of an accident and failing to "render reasonable assistance to [the] injured passenger." The charges involve the death of appellant's passenger, Robert Gregory Harkins on August 25, 1988, during an apparent "joy ride" which ended when a bottle was thrown onto the roadway by appellant and appellant swerved to avoid it, crashing the vehicle against a tree. Robert Gregory Harkins was pinned between the tree and the vehicle. Two female passengers testified for the State that appellant did not go "get help for Greg" (who they thought was bleeding and unconscious but still alive) because, appel-

lant explained, he had no driver's license; whereupon appellant left into the nearby woods and the two females went to get help. Appellant was arrested a quarter of a mile from the scene, moving along the tree line area of a golf course.

Appellant was acquitted of the homicide charge, but convicted of the others, which are misdemeanors. On appeal he alleges only that he should have received a directed verdict of acquittal because the State "failed to prove the allegation of the indictment that appellant failed to render reasonable assistance to the injured passenger Robert Gregory Harkins." *Held*:

In support of his contention that the State did not prove its allegations, appellant argues only his evidentiary version of what occurred, which version exonerates him of all wrong and contradicts the other evidence offered by the State. Viewing all the evidence in favor of the jury's view of it, we find the evidence was amply sufficient to enable a reasonable trier of fact to find appellant guilty beyond a reasonable doubt of leaving the scene and failing to render reasonable assistance. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

The record is not clear as to the disposition of the allegation that appellant "failed to render reasonable aid," but it is clear that, as to that count of the indictment, he was only sentenced to twelve months for "leaving the scene." The evidence supports both findings, however; if he was not sentenced additionally for failing to render reasonable assistance, appellant had the entire benefit of the matter. Since the evidence strongly supported the verdict rendered, appellant assuredly was not entitled to a directed verdict of acquittal. See *Taylor v. State*, 252 Ga. 125 (1) (312 SE2d 311).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 13, 1989.

Bailey & Bearden, J. Lane Bearden, for appellant.
Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney, for appellee.

