## A90A0508. HAWKINS v. THE STATE.
(395 SE2d 251)

BIRDSONG, Judge.

Stoney Hawkins appeals his conviction of aggravated assault with intent to rape. *Held*:

1. Hawkins contends the trial court erred by denying his motion for a directed verdict of acquittal because no rational trier of fact could have found that he was the perpetrator of the crime. Although the transcript shows that the victim of the assault was Hawkins' neighbor who knew Hawkins personally, and she testified that Stoney Hawkins was the person who assaulted her, Hawkins contended that no one had identified him in court as *the* "Stoney Hawkins" she identified. The transcript also shows, however, that numerous other witnesses testified that Stoney Hawkins was the person who was with the victim on the night in question, and that after the motion was denied, the appellant, Stoney Hawkins, testified and admitted that he was the person with the victim that night.

A motion for a directed verdict of acquittal should only be granted when there is no conflict in the evidence, and the evidence with all reasonable deductions and inferences therefrom demands a verdict of acquittal as a matter of law. OCGA § 17-9-1 (a); *Taylor v. State*, 252 Ga. 125 (312 SE2d 311). On appeal a reviewing court may consider all the evidence in the case *(Bethay v. State*, 235 Ga. 371, 375 (219 SE2d 743)), and must view the evidence in the light most favorable to the verdict. *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436). Review of all the evidence in that manner reveals ample evidence (particularly his own testimony) from which any rational trier of fact could find beyond a reasonable doubt that Hawkins was the Stoney Hawkins who was guilty of the offense of aggravated assault with the intent to rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Therefore, the trial court did not err by denying the motion for a directed verdict of acquittal.

2. Hawkins alleges that the trial court erred by denying his motion for a mistrial after the prosecutor referred to certain evidence as being incriminating. The transcript shows the comment was made in the presence of the jury during argument on one of appellant's objections and after the defense counsel referred to the evidence as being exculpatory. There was no error here. By its terms OCGA § 17-8-75 does not apply because the evidence in question was admitted in evidence and, further, the comment was a reply to appellant's argument. If counsel argue objections in the presence of the jury, they cannot complain when the opposite party responds with appropriate counterargument. One cannot complain of a result he procured or aided in causing (*Locke v. Vonalt*, 189 Ga. App. 783, 787 (377 SE2d 696)) and induced error is not an appropriate basis for claiming prejudice. *Sul-*

*lens v. State*, 239 Ga. 766, 767 (238 SE2d 864); *Martin v. State*, 193 Ga. App. 581, 584 (388 SE2d 420).

Furthermore, whether a mistrial should be granted is within the sound discretion of the trial court and this court will not disturb the trial court's decision unless it has abused its discretion. *Martin v. State*, supra. Accordingly, this enumeration of error is without merit.

3. Hawkins also alleges that the trial court erred by denying another motion for a mistrial when a witness, the sheriff, responded to one of his counsel's questions by stating that another witness said that Hawkins was drunk on the night of the incident. The transcript shows that defense counsel asked the witness, "So, now you are telling us that Mr. Pittman was drunk on the night he gave you the statement?" and the witness replied, "No sir. I'm telling you the night of the incident Mr. Pittman was drunk, he said that Stoney Hawkins was drunk." Appellant relies on our decision in *Boyd v. State*, 146 Ga. App. 359, 360 (246 SE2d 396), for the proposition that this testimony required a mistrial. Assuming without deciding that this testimony placed the defendant's character in issue, this is nevertheless not the kind of response which inherently requires the grant of a mistrial. See *Patterson v. State*, 192 Ga. App. 449, 452 (385 SE2d 311). Moreover, it cannot be said that the answer was entirely unresponsive since counsel in essence asked the sheriff to clarify what he was telling the court, and the sheriff responded with what he had intended to tell. Counsel are responsible for the responsive answers their questions elicit. See *Martin v. State*, supra. As the record does not reveal that the trial court abused its discretion in denying this motion, there was no error. *Martin v. State*, supra; *Patterson v. State*, supra.

4. Hawkins enumerates as error the trial court sustaining the State's hearsay objection to questions his counsel asked about statements the victim and her mother allegedly made. Hawkins contends the statements were admissible as prior inconsistent statements made by the State's witnesses. See OCGA § 24-9-83. Examination of the transcript shows that Hawkins failed to lay the proper foundation for admissibility of the testimony. It is not sufficient to ask merely whether the witness spoke to another person about a certain matter. See *Carter v. State*, 244 Ga. 803, 806 (262 SE2d 109). OCGA § 24-9-83 requires that the contradictory statements be called to the witness' "mind with as much certainty as possible" and the inconsistent statement is admissible only after the witness denies that the statement was made. *Harden v. State*, 166 Ga. App. 536, 538 (304 SE2d 748). Since that was not done, an inadequate foundation was laid for admission of the purportedly contradictory statement, and it was not error to sustain the objection to these questions.

5. Hawkins also assigns as error the trial court permitting a witness to testify who was not identified on the witness list provided

Hawkins before trial. See OCGA § 17-7-110. The record reflects that the prosecution decided to call this witness after the trial began because an issue unexpectedly arose on which the witness could testify. The record also shows that Hawkins was promptly provided with a supplemental witness list, the witness was not called to testify until the next day, and Hawkins was allowed to interview the witness before he testified. Under these circumstances, the purpose of the code section was satisfied and the trial court did not err by allowing the witness to testify. *White v. State*, 253 Ga. 106, 109-110 (317 SE2d 196).

6. Hawkins also contends that the trial court erred by permitting this witness to testify because doing so denied him the opportunity to voir dire the potential jurors effectively because one of the jurors was the uncle of the witness. Hawkins argues that if the witness had been listed he would have asked if any juror was related to the witness, and the questioning would have revealed the relationship between the juror and the witness. The record, however, reveals that the trial judge permitted both parties to question the juror about his relationship with the witness and after doing so, Hawkins announced that he was "satisfied" with the juror. Under these circumstances, there is no issue for appellate review since Hawkins waived his objection by accepting the juror with full knowledge of his relationship with the witness. *Whisnant v. State*, 178 Ga. App. 742, 744 (344 SE2d 536).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED May 25, 1990.

*Ronald C. Goulart*, for appellant.

*Ralph Van Pelt, Jr., District Attorney, Scott K. Camp, Assistant District Attorney*, for appellee.