## S90A0686. WESTER v. THE STATE.
(391 SE2d 765)

CLARKE, Chief Justice.

Shoney Wester appeals his convictions and consecutive life sentences for malice murder and armed robbery.[1] We reverse.

On the second day of the trial of this case, the state called a fingerprint expert to the stand. Wester moved the court to exclude the expert's testimony based on the state's failure to provide him with a copy of the expert's written report. Six months prior to trial, Wester had made a demand pursuant to OCGA § 17-7-211 (b) for a copy of any scientific report which would be introduced at trial. The state did not provide Wester with the fingerprint examination report although the report was available for two months before the trial.

The trial court excluded the report itself, but allowed the expert to testify (over Wester's objection) about the fingerprint examination

---

[1] The crime occurred on July 14, 1988. Appellant was indicted on February 14, 1989. He was convicted of murder and armed robbery on July 29, 1989 and sentenced to two consecutive life sentences. Appellant filed a motion for new trial on August 1, 1989; the motion was heard on January 23, 1990 and was denied. The notice of appeal was filed February 20, 1990. The case was docketed in this court February 27, 1990. The case is ripe for decision following oral argument on May 14, 1990.

and its results.

The law regarding the discovery of written scientific reports is clear. In OCGA § 17-7-211 (b) the legislature charged the state's district attorneys with an affirmative duty to comply with a defendant's timely request for copies of written scientific reports. The sanction for failure to provide the defendant with a copy of any such report is the exclusion of both the report *and* the testimony of the person who prepared the report. *State v. Madigan*, 249 Ga. 571, 573 (292 SE2d 406) (1982). This case falls squarely within the holding of *Madigan*. It was error to allow the expert to testify.

Further, we cannot find the error to be harmless. The fingerprint evidence was the only physical evidence tying Wester to the scene of the crime. The evidence was not simply cumulative. Contrast *Odom v. State*, 248 Ga. 434 (283 SE2d 885) (1981). Therefore, Wester's convictions must be reversed.

Having reversed the convictions on this ground, we do not reach Wester's other enumerations of error. We note, however, that the evidence adduced at trial, even excluding the fingerprint evidence, would authorize a rational trier of fact to find the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment reversed. All the Justices concur.*

DECIDED MAY 31, 1990.

*Hodges, Erwin, Hedrick & Kraselsky, William A. Erwin, Varnell & Varnell, Howard J. Stiller,* for appellant.

*Britt R. Priddy, District Attorney, John L. Tracy, Assistant District Attorney, Michael J. Bowers, Attorney General, Richard C. Litwin,* for appellee.