## A91A0328. WILBURN v. THE STATE.

(405 SE2d 889)

BIRDSONG, Presiding Judge.

Appellant Herbert B. Wilburn appeals his judgment of conviction and sentence of aggravated assault. The indictment accused him of shooting Bernard Warren with a dangerous weapon, to-wit, a pistol. *Held*:

1. Appellant asserts the trial court erred in denying his motion for directed verdict of acquittal. We disagree. As a general rule a motion for directed verdict of acquittal should be granted only where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. *Taylor v. State*, 252 Ga. 125, 127 (1) (312 SE2d 311). However, the proper test when sufficiency of the evidence is challenged by a motion for directed verdict of acquittal is the "reasonable doubt" test of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436).

The victim's identification of "Nard," which is the nickname used by appellant, as the man who shot him was admissible as part of the res gestae. The statement and the circumstances surrounding its utterance qualified the statement as a res gestae statement; it clearly

was an excited utterance made shortly after the shooting (even prior to the arrival of medical personnel) and while the victim was laboring under the effects of his gunshot wound. Compare *Robinson v. State*, 197 Ga. App. 600, 601 (2) (399 SE2d 94); see generally Agnor, Ga. Evidence (2d ed.), §§ 11-32 through 11-34. Further, the prior pretrial statement of the victim wherein he identified appellant as his assailant was admissible as substantive evidence. Compare *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) with *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661). Once a declaration is made, both the State and the defense are accorded some measure of protection from the erratic or unpredictable witness in that his prior declaration can be considered substantively where, as here, the witness appears and is subject to cross-examination, notwithstanding variant testimony from the stand. *Gibbons*, supra at 864 (a).

Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense charged. *Jackson v. Virginia*, supra.

2. Appellant asserts the trial court erred in limiting cross-examination of a State's witness. Appellant's counsel attempted to examine the victim about a court order granting the victim "use and derivative use immunity." After the victim denied being granted immunity, defense counsel asked the trial judge for the written order, but the trial judge denied having participated in the granting of such. Appellant claims this response improperly limited his right of cross-examination, and that cross-examination if unimpaired would have tended to impeach the victim and to attack his credibility by exposing his motives for testifying.

The trial record includes a copy of an order, signed by the trial judge on the day of trial but filed three days later, containing a grant of use and derivative use immunity to the victim. Pretermitting whether the voluntary denial of the existence of the order by the trial judge resulted in error is the question of whether the issue has been adequately preserved for appellate review. We find it has not.

The trial record contains the following colloquy between defense counsel and trial judge: "[DEFENSE COUNSEL]: Judge, do you have the order granting immunity in this? THE COURT: I have none. This court has not participated in such a thing. [DEFENSE COUNSEL]: Judge, if I'm mistaken about that, then I withdraw the question."

Thereafter, appellant abandoned his inquiry as to the existence of a grant of immunity to the victim. Although appellant's counsel obviously attempted to condition the withdrawal of the question upon his being mistaken, in fact, as to the order's existence, a conditional withdrawal of a question is ineffective. A question either is withdrawn

or it is not. The effect of appellant's conduct was the withdrawal of his immunity question. Thus, appellant failed to stand his ground and to make a specific objection to the failure to produce the immunity document. At no point did the trial court rule appellant could not continue to explore the immunity issue on cross-examination. No matter how erroneous a ruling or voluntary response of a trial court might be, a litigant cannot submit to the ruling or otherwise acquiesce in the holding or response and then complain of the same on appeal; he must stand his ground. *Smith v. State*, 192 Ga. App. 768, 771 (2) (386 SE2d 530), and cases cited therein.

Additionally, counsel's attempted conditional response, rather than stating the basis for belief that the immunity order existed, and perhaps thereby refreshing the trial court's memory of the existence thereof, tended to lull the trial court into believing its recollection was correct as to the nonexistence of such grant. An appellant cannot complain of a result his own procedure or conduct aided in causing. *Hawkins v. State*, 195 Ga. App. 739 (2) (395 SE2d 251); compare *Horan v. Pirkle*, 197 Ga. App. 151, 152 (397 SE2d 734) (acquiescence by silence in the trial court's evaluation of the evidence received).

3. Appellant asserts the trial court erred in admitting certain medical records, as these documents were scientific reports not provided within ten days prior to trial as required by OCGA § 17-7-211. The documents were not provided appellant until the day of trial. Examination of the medical records reveals that while most entries therein contained would not qualify as being entries pertaining to scientific reports within the meaning of OCGA § 17-7-211, see, e.g., *Conyers v. State*, 260 Ga. 506, 508 (4) (397 SE2d 423), certain of the entries contained within these records would appear to so qualify.

Appellant argues for the first time on appeal that descriptions in the medical records of the victim's injuries and treatment were highly inflammatory and prejudicial. " 'On appeal only issues properly raised before the trial court will be considered.' " *Rigenstrup v. State*, 197 Ga. App. 176, 179 (2) (398 SE2d 25). This issue has not been preserved for appeal.

Appellant's reliance on *Wester v. State*, 260 Ga. 228 (391 SE2d 765) is misplaced, as *Wester* involved the State's failure to provide defendant with a copy of the scientific report while this case involves a situation where a copy was provided albeit on the day of trial.

Exclusionary rules are not favored in the law, as they detract from the search for truth. Only when the prosecutor fails altogether to furnish a written scientific report, under OCGA § 17-7-211, does the exclusionary rule apply; when a written scientific report is furnished late, the appropriate remedy "perhaps" is to grant a continuance or recess upon timely request by the defendant. This matter, as well as the length of time granted, rests with the trial judge in the

exercise of his discretion. See *Wade v. State*, 258 Ga. 324, 326 (6) (368 SE2d 482). Contrary to appellant's assertion, this case is distinguishable from *Taylor v. State*, 172 Ga. App. 408, 410 (2) (323 SE2d 212) where the facts involved were held to be tantamount to failing altogether to furnish a report. Here appellant never requested a continuance or a recess, yet the trial court sua sponte directed a 15-minute recess following appellant's objection to the medical reports, which objection was based on the grounds the State failed to furnish timely the documents to the defense as requested. Following the recess, the State was given permission to reopen its case to present certain witness testimony; thereafter, appellant requested and was given permission to recall the victim for further cross-examination, but did not attempt to question the victim regarding any matter in the medical records in question. Further, at no time following the court-directed recess did appellant request either a continuance or an additional recess. " ' "A party cannot during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner v. State*, 208 Ga. 435, 438 (67 SE2d 221).' *Sprayberry v. State*, 174 Ga. App. 574 (1), 575 (330 SE2d 731)." *Hollis v. State*, 191 Ga. App. 525, 528 (5) (382 SE2d 145). Under the attendant circumstances, we find the trial court did not abuse its discretion by failing, sua sponte, to allow appellant an additional time period in which to examine the medical records.

Appellant's other assertions also are without merit.

*Judgment affirmed. Cooper, J., concurs. Pope, J., concurs specially.*

POPE, Judge, concurring specially.

I concur in the result and I concur fully in Divisions 1 and 3. However, I cannot concur fully in all that is said in Division 2. I think counsel did preserve his objection to the court's erroneous restriction of his cross-examination regarding the immunity issue. However, any error was harmless. The record shows counsel for Wilburn and for the State clearly established the victim's reluctance to testify against Wilburn, his friend. Whether the testimony resulted specifically from use immunity or not, the jury was given evidence indicating the victim's bias in the matter. The error committed by the trial court in failing to remember the grant of immunity and to permit questioning on it thus did not contribute to the verdict.

DECIDED MAY 7, 1991.

*Mark V. Cloud*, for appellant.
*Lewis R. Slaton*, District Attorney, *Carl P. Greenberg, Joseph J.*

*Drolet, George J. Robinson, Jr., Assistant District Attorneys*, for appellee.

