A92A0576. MURRAY v. THE STATE.
(418 SE2d 624)

BIRDSONG, Presiding Judge.

Boris Dexter Murray appeals his judgment of conviction of trafficking in cocaine and possession of a weapon by a convicted felon, and his sentence.

The police obtained consent from appellant's stepfather to search the home of the stepfather and appellant's mother. Although appellant no longer lived at home, he occasionally used a bedroom in the house that he had occupied when growing up and living with his parents. Appellant had stayed several nights in that room within the week in which the search was conducted. In this bedroom, the police found chunks of rock cocaine in two ziplock bags placed inside a larger bag within a shoe box located under the bed. The cocaine had a wholesale value of about $16,000 and a street retail value in a range of $26,000-$55,000 depending upon varying marketing factors.

The shoe size shown on the Cole Haan shoe box was size "12M," which was a size appellant could wear as his shoe size was 11-1/2; his stepfather's shoe size was 9-1/2. A black card holder was found beside the box. Two or three cards in the card holder had appellant's name on them and appeared to be business cards labelled "Universal Enterprises." An automatic pistol was found under the mattress of the bed with two hollow-point bullets therein. Various business cards and phone numbers were found; a set of broken gram scales, together with 42 small coin envelopes, were found in a bag placed under a mirrored dresser drawer. Appellant, who works as a car detailer being paid $100-$150 every two weeks, has worn a beeper which he asserts is needed so that his work place can contact him when a car needs to be done.

Although the factual issue is contested, appellant's stepfather initially testified appellant had a key to the house; and, that no one else slept or stayed in the bedroom. Subsequently, the stepfather at-

tempted to modify or recant his testimony about the key by testifying that: "After talking to my wife, she made me remember that [appellant] did not have keys to all of the locks up until the time that her daughter got married." And he also testified it was after he went home and talked with his wife that: "I remembered the time that he did not have a key."

Both appellant's stepfather and mother denied knowledge of the cocaine; however, appellant's mother did testify that the pistol belonged to her. Two months prior to this incident, the stepfather had found some bags and some scales, with white powder residue on them, in the laundry room of the house; when confronted about these items, appellant told his mother they belonged to a friend.

A member of the Clayton County Narcotics Unit expressed his expert opinion regarding various drug sale procedures, including the significance of possession of a beeper, phone and beeper numbers, small envelopes, scales, and a gun by those selling drugs. He also testified that a silver tip hollow-point bullet is an anti-personnel round, not a target shooting round.

A member of the records and identification division of the sheriff's department was qualified without objection as an expert witness in the field of fingerprint comparison. He testified regarding various latent prints found on items in the room and compared those prints to a known print of appellant. (We note some confusion exists in the record regarding whether the latent print, State Exhibit 35, was taken from State Exhibit 13 or State Exhibit 14, and whether the latent print, State Exhibit 36, came from State Exhibit 13 or State Exhibit 14. On appeal we are concerned with evidence sufficiency and will view the evidence in a light most favorable to the verdict.) Although he was shown to have issued an earlier report to the contrary, the State's fingerprint comparison expert testified inter alia: that a known print of appellant matched a latent print found on a bag with the gram scale and small envelopes; that a known print of appellant matched a latent print found on the bag in which the above bag, gram scale and small envelopes were found; and that a latent print left on a bag, which was the large ziplock bag that contained the two bags of rock cocaine, was made by appellant's right middle finger.

Appellant denied any knowledge of the cocaine, denied possession of the weapon and denied he had ever sold drugs; he admitted the card holder was his and that he used the gram scale to weigh gold. He also admitted to writing certain rap or so-called hip-hop songs for a rap group he was in; some of these songs had certain lyrics pertaining to drugs. *Held*:

1. Appellant asserts the trial court erred in allowing the State to introduce the opinion of their expert in fingerprint comparison since the State failed to provide this information as requested in defend-

ant's discovery requests.

The record reveals that appellant never filed a motion for copies of written scientific reports, pursuant to the provisions of OCGA § 17-7-211, either by expressly citing the statute or by demanding that the scientific reports, whether inculpatory or exculpatory, should be furnished prior to the statutory ten-day limit. Compare *Massey v. State*, 251 Ga. 515 (307 SE2d 489). Rather, appellant made a general motion for disclosure under *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215), and a motion to produce pursuant to OCGA § 24-10-26, which included inter alia a demand for production of all reports and the results and copies of all reports of any scientific tests, experiments or studies made in connection with this case. Compare *Mercer v. State*, 169 Ga App. 723 (4) (314 SE2d 729).

As no adequate demand was made pursuant to OCGA § 17-7-211 for production of scientific reports, any issue concerning the failure timely to provide information pursuant to this statute is not before us on appeal. *State v. Madigan*, 249 Ga. 571 (292 SE2d 406); *State v. Meminger*, 249 Ga. 561 (1) (292 SE2d 681); *Mercer*, supra; see *Moss v. State*, 191 Ga. App. 387 (1) (381 SE2d 765).

As appellant did not argue in his brief or provide any citation of authority in support of a contention that it was error to fail to provide timely this information either pursuant to a *Brady* motion or a motion to produce under OCGA § 24-10-26, these issues have been abandoned on appeal. Court of Appeals Rule 15 (c) (2). Moreover, neither *Brady* nor OCGA § 24-10-26 mandates the disclosure of materials before trial. See *Glenn v. State*, 255 Ga. 533 (2) (340 SE2d 609); *Wilson v. State*, 246 Ga. 62 (1) (268 SE2d 895). Additionally, all information was supplied to appellant during trial if not sooner, and assuming without deciding such information would qualify as a scientific report, no motion for continuance or request for recess was entered, as a trial tactic, in order to allow appellant an opportunity to evaluate further the information obtained. An appellant cannot complain on appeal of a result he procured or aided in causing by his own conduct, procedure or trial tactics. *Hawkins v. State*, 195 Ga. App. 739 (2) (395 SE2d 251).

2. Appellant asserts the trial court erred in allowing the State's fingerprint comparison expert to testify as to his opinion resulting from his fingerprint examination because the facts used to premise said opinion were not in evidence before the jury. Specifically, appellant asserts the expert rendered his opinion, over objection, on the match of fingerprints based upon an improper hypothetical question, which was as follows: "Based upon the type of evidence you took, the latents off of State's Exhibit 36 and 37, and based upon the evidence that you obtained in State's Exhibit Number 35 from the latent, do you have an opinion as to whether or not, plus based upon all the

other evidence you have obtained during the course of your investigation in this case, do you have an opinion as to whether or not this known matches this latent?" Although the question may initially appear to be phrased in part as a hypothetical, when viewed in light of the remainder of the relevant record, it becomes apparent that in substance the question called upon the expert to give his opinion based on his observations of the specified latents and the known fingerprint of appellant. "A hypothetical question is not required where a properly qualified expert testifies as to his opinion based on facts within his personal knowledge" (*Ware v. State*, 252 Ga. 90 (3) (310 SE2d 908)), because " '[a]n expert may base his opinion upon facts which he knows and has observed.' " *Prevost v. Taylor*, 196 Ga. App. 368, 369 (3) (396 SE2d 17).

Further, appellant in essence has argued on appeal that the following language, "plus based upon all the other evidence you have obtained during the course of your investigation in this case" establishes per se that the expert was permitted to answer the question based on facts not properly placed in evidence. We disagree. Appellant fails to call this court's attention to any particular fact which would be encompassed in this language which was not in evidence before this court at the time the question was posed. It is not readily apparent from our reading of the record that such is the case. It is well-established that an appellant must show both error and harm (*Robinson v. State*, 229 Ga. 14, 15 (189 SE2d 53)), and "in carefully considering the validity of appellant's enumeration, we will not cull the record in behalf of either appellant or the State as it is not the function of this court to cull the record on behalf of a party." (Citations and punctuation omitted.) *Talley v. State*, 200 Ga. App. 442, 446 (4) (408 SE2d 463).

Additionally, assuming arguendo error had occurred by including the offending language in the question posed, we find it is highly probable the error did not contribute to the verdict and was harmless. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869),

3. Appellant asserts the trial court erred in refusing to grant his motion for mistrial when the State elicited certain testimony from a witness for the State concerning his opinion as to the handwriting on a sales slip found with the cocaine. However, "appellant's failure to make reference to specific portions of the transcript where the error occurred, results in a waiver of this issue. [Court of Appeals] Rule 15 (c) (3)." *Thomas v. State*, 199 Ga. App. 586, 588 (3) (405 SE2d 512), citing *Palmer v. State*, 186 Ga. App. 892, 894 (369 SE2d 38).

Moreover, after the motion for mistrial was made, the trial court gave additional curative instructions to the jury who indicated they could follow the instructions; thereafter, appellant failed to renew his motion for mistrial. Accordingly, the asserted error in failing to grant

the motion for mistrial has not been preserved for appellate review. *Schirato v. State*, 260 Ga. 170, 172 (5) (391 SE2d 116).

4. Appellant asserts the trial court erred in refusing to permit the defense to impeach the State's witness, Robert Butts, with evidence of bias and interest in the nature of his current status on probation. Pretermitting the question of whether appellant properly and in good faith had attempted to impeach the witness with evidence of bias and interest is the question whether he was entitled to impeach the witness under the operative circumstances. Robert Butts initially was called as a State's witness. The record does not reveal that any attempt was made to impeach this witness, either during cross-examination or re-cross, for bias or interest specifically based on the fact he was subject to any form of a sentence of probation. The record reflects that on re-cross an attempt was made to impeach the witness for bias, but by showing the witness' concern about either himself or his wife being charged with some type of cocaine offense. The witness' admission of concern appears on the record. At the conclusion of the witness' cross-examination and re-cross, appellant made no *timely* attempt to preserve any right of continued cross-examination by obtaining permission subsequently to recall the witness for purposes of impeachment or otherwise. Thereafter, the record reveals that two days later appellant elected to recall the witness as a "defense witness," without requesting the additional *privilege of re-opening* the original cross-examination concluded when the witness was a witness for the State. Under these circumstances, even if some limited right of *continued* cross-examination for purposes of impeachment or otherwise remained, it was waived.

As the witness was recalled solely as a "defense witness," any impeachment thereafter would have to be conducted in accordance with the rules applicable for impeaching one's own witness. "A party may not impeach his own witness without a showing of entrapment." *Hood v. State*, 179 Ga. App. 387, 389 (1) (346 SE2d 867); *Gielow v. Strickland*, 185 Ga. App. 85, 87 (2) (363 SE2d 278). The record does not reveal that a timely showing of entrapment was made in this instance.

5. Appellant asserts the trial court erred in denying his request to charge relating to the inference of possession to the owner or lessee of a house. Pretermitting the question of whether appellant is entitled to such a charge by the state of the evidence is the question whether the charge was properly adjusted. Assuming without deciding that a legitimate charge as to the inference of possession of drugs was authorized by the evidence, we find that the last sentence of the requested charge is not adjusted properly to this case, and therefore the trial court did not err in refusing to give the requested charge. A requested instruction must be legal, apt, precisely adjusted to some principle involved in the case, and be authorized by the evidence. *Hill v. State*,

259 Ga. 557 (3 b) (385 SE2d 404). The trial court does not err when, as here, it fails to give a requested charge which does not meet this criteria, or which is otherwise confusing or misleading. *Jones v. State*, 200 Ga. App. 519, 521 (2 c) (408 SE2d 823). Regarding the existence of waiver as well, see Division 6 below.

6. Appellant asserts the trial court erred in refusing to give his request to charge "equal theories" in a circumstantial evidence case.

Following his charge to the jury as to the cocaine trafficking charge, the trial court inquired whether appellant had any objections to the charge. Appellant made a certain objection to the "equal access" charge given by the court and, also, attempted to reserve his right to make future charge objections as well. The trial court properly did not grant appellant's request affirmatively on the record. "Having elected to take immediate exception to a portion of the charges at trial, rather than reserving a right to except or object to all charges until motion for new trial or on appeal, appellant waived his right to assert a charging error on appeal to the remaining portion of the charges to which he did not so object or except." *Grissett v. State*, 199 Ga. App. 547 (1) (405 SE2d 542), citing *Whatley v. State*, 196 Ga. App. 73, 76 (2) (395 SE2d 582). The fact appellant concurrently attempted to reserve unilaterally his right to take future exceptions or objections is of no effect, as by voluntarily electing to take a partial exception to a portion of the charges, waiver as to the remainder of the charges occurred by operation of law. Additionally, appellant waived any objection to the charges given in the bifurcated trial as to the possession of firearms charge, by stating when asked by the trial court that he had "[n]o objection to those charges." *Pruitt v. State*, 258 Ga. 583, 590 (14) (373 SE2d 192); *Wright v. State*, 182 Ga. App. 570 (1) (356 SE2d 531).

Assuming arguendo a lack of waiver, this enumeration of error remains without merit. Pretermitting the issue whether the so-called "equal theories" charge accurately reflects current Georgia law, particularly regarding its possible encroachment upon the powers of the jury to weigh evidence and judge witness credibility, is the issue whether the requested charge was required in any event, under existing precedent, in view of the charges actually given to the jury. In addition to charging the court as to equal access and mere presence, and defining both direct and circumstantial evidence, the trial court gave the following charge: "Circumstantial evidence alone will not justify a finding of guilt unless the circumstances are entirely consistent with the defendant's guilt, wholly inconsistent with any reasonable theory of the defendant's innocence, and are so convincing as to exclude a reasonable doubt of the defendant's guilt." Appellant has taken no exception to this latter charge. It may be inferred from *Hamilton v. State*, 260 Ga. 3, 5 (4 b) (389 SE2d 225) that the giving

of the above charge would substantially and adequately cover the principles contained in a "two theories" or "equal theories" charge. *Stephens v. State*, 201 Ga. App. 737 (2) (412 SE2d 568). A trial court does not err in refusing to give a requested instruction in the exact language requested where the charges given in their totality substantially and adequately cover the principles contained in the requested charge. See *Harrison v. State*, 257 Ga. 528 (4) (361 SE2d 149); see also *Hambrick v. State*, 256 Ga. 688 (3) (353 SE2d 177). Further, assuming arguendo, the charging error was not waived and the failure to give the requested charge was error, we find that in view of the nature of the charges given it is highly probable that any error in the refusal to charge on "equal theories" or "two theories" did not contribute to the guilty verdicts in this case, and thus any error was harmless. *Ross v. State*, 192 Ga. App. 850, 851 (4) (386 SE2d 721); accord *Barton v. State*, 188 Ga. App. 237, 238 (372 SE2d 647).

7. Appellant asserts the trial court erred in denying his motion for directed verdict, as the law in this state regarding equal access required a directed verdict for the defendant. The jury was given adequate instructions on equal access as pertaining to the offenses of trafficking in cocaine and possession of a weapon by a felon, and notwithstanding found appellant guilty of these offenses. Generally, a motion for directed verdict in a criminal case should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. *Taylor v. State*, 252 Ga. 125 (1) (312 SE2d 311). Applying this test, we find the trial court did not err in denying the motion for directed verdict of acquittal. Moreover, assuming arguendo that the error enumerated herein could be classed as involving a motion for directed verdict of acquittal which at trial sought to challenge the sufficiency of the evidence (see generally *Humphrey v. State*, 252 Ga. 525, 527 (314 SE2d 436); *Wilburn v. State*, 199 Ga. App. 667 (1) (405 SE2d 889)), we remain satisfied the trial court did not err. See Division 8 below.

8. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). To support the verdict, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). Viewing the evidence of this case in a light most favorable to the verdict, we conclude the jury rationally could have found that it excluded every reasonable hypothesis except that of the defendant's guilt. Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a rea-

sonable doubt that appellant was guilty of the offenses of which he was found guilty. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED APRIL 8, 1992.

*Steven L. Harris*, for appellant.

*Robert E. Keller, District Attorney, Tracy G. Gladden, Assistant District Attorney*, for appellee.