A92A0813. WESTER v. THE STATE.
(422 SE2d 433)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of armed robbery. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

Appellant filed a pre-trial motion pursuant to OCGA § 17-7-211. In compliance therewith, the State provided appellant with a copy of the written report of its expert fingerprint witness. Compare *Wester v. State,* 260 Ga. 228 (391 SE2d 765) (1990). However, the State did not provide appellant with a copy of the written report of the officer who had actually lifted the fingerprint. The expert's written report referred to the officer's written report. On appeal, appellant urges that the trial court erred in allowing both the expert and the officer to testify, because of the State's failure to provide him with a copy of the latter's written report.

OCGA § 17-7-211 applies to "written scientific reports," which "includes, but is not limited to, reports from the Division of Forensic Sciences of the Georgia Bureau of Investigation; autopsy report by the coroner of a county or by a private pathologist; blood alcohol test results done by a law enforcement agency or a private physician; and similar type reports that would be used as scientific evidence by the prosecution in its case-in-chief or in rebuttal against the defendant." OCGA § 17-7-211 (a). " 'It is a well-recognized rule of construction that when a statute or document enumerates by name several particular things, and concludes with a general term of enlargement, this latter term is to be construed as being ejusdem generis with the things specifically named, unless, of course, there is something to show that a wider sense was intended.' [Cits.] Examining § 17-7-211 ([cit.]), it is clear that the reports enumerated in subsection (a) are *tests.* . . ." (Emphasis supplied.) *State v. Mulkey,* 252 Ga. 201, 203 (2) (312 SE2d 601) (1984). "Ordinarily the papers generated in the course of the scientific *investigation* or examination will not be introduced. . . . They do not inculpate defendant. What will be introduced is the end result, the incriminating conclusion. Thus, interim papers are not discoverable, for they are merely *internal* documents of the examining agency and[/or] products of the examiner's work as it is being undertaken. [Cits.]" (Emphasis supplied.) *Thompson v. State,* 175 Ga. App. 645, 649 (4) (334 SE2d 312) (1985). "We thus conclude that the [report of the officer who lifted the fingerprint] was not a 'scientific report' dis-

coverable under OCGA § 17-7-211. [Cits.]" *Griffin v. State*, 183 Ga. App. 386, 387 (1) (358 SE2d 917) (1987).

Therefore, the trial court did not err in allowing the officer to testify that a latent print had been lifted or in allowing the expert to testify that, in his opinion, that print had been made by appellant. The officer's report merely memorialized his act of lifting the fingerprint and was in no way inculpatory of appellant. The inculpatory testimony was that which was given by the expert and appellant had been provided with a copy of his report.

*Judgment affirmed. Pope and Johnson, JJ., concur.*

DECIDED SEPTEMBER 8, 1992.

*Howard J. Stiller,* for appellant.

*Britt R. Priddy, District Attorney, L. Earl Jones, Assistant District Attorney,* for appellee.